■ GERALD SCHAUBMAN et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent.—Determination of respondent, dated July 7, 1978, finding that petitioners engaged in an unacceptable practice pursuant to 18 NYCRR 515.1 (a) and permanently disqualifying petitioners from participating in the Medicaid program, unanimously modified, on the law, to the extent of

reducing the penalty to a disqualification for one year from the date of the determination, without costs and without disbursements, and otherwise confirmed. Petitioner, Jarrett Drug Corporation, is a pharmacy, and so registered with the New York State Education Department. Petitioner, Schaubman, a licensed pharmacist, is one of three principals in Jarrett, its treasurer, and a practicing pharmacist in the corporation. The corporation was registered as a provider of services under the Medical Assistance Program (Medicaid) established pursuant to section 363-a of the Social Services Law. In 1976, the corporation pleaded guilty to the charge of offering a false instrument for filing and a $2,000 fine was imposed. As developed in the hearing thereafter conducted by respondent, Schaubman had substituted the generic equivalent for the brand name for a drug but billed the Medicaid program for the brand name drug. The invoice submitted to Medicaid was $9.09, the drug actually supplied (the generic equivalent) was $5.70, and the difference, $3.39 represented an amount unlawfully obtained. Respondent concluded that the petitioners had engaged in an unacceptable practice pursuant to 18 NYCRR 515.1 (a) and permanently disqualified both from participation in the Medicaid program. The determination that petitioners had engaged in an unacceptable practice is clearly correct and not seriously challenged. At issue here is the punishment that was imposed. We do not doubt that the misconduct involved here, although involving only one single incident, merited some penalty in addition to the $2,000 fine imposed following the criminal conviction. The penalty imposed, however, seems to us clearly excessive. The reality cannot be blinked that a permanent disqualification may well destroy the corporate business and make it impossible for the individual petitioner to pursue his profession as a pharmacist. Under all the circumstances, we think that a one-year disqualification would represent an adequate penalty and the determination is modified accordingly. Concur—Kupferman, J. P., Evans, Markewich, Lynch and Sandler, JJ.