*207 OPINION OF THE COURT
John J. Conway, J.
Petitioner, a domestic corporation operating a pharmacy in the City of Rochester, has brought this article 78 proceeding upon the grounds stated in CPLR 7803 (subd 3) for a review of the determination by the respondents suspending it from participation as a provider of medical supplies in the Medical Assistance Program (Médicaid) for a period of six months. It is petitioner’s contention that the determination should be annulled on the grounds that the decision was arbitrary in that respondent had no authority to invoke the penalty on the findings that were made. Additionally, the petitioner urges that even should the court find that the respondents were empowered to impress a punishment on the findings made, the punishment selected was excessive and an abuse of discretion.
By letter dated November 7, 1977, the petitioner was informed by the Monroe County Department of Social Services that it had maintained practices that were inconsistent with medical assistance policies, standards and regulations and as a consequence would be suspended from participation in the Medicaid program for a period of six months pursuant to the Regulations of the New York State Department of Social Services (18 NYCRR 515.4).
The practice cited by the local department as the basis for the suspension was petitioner’s admission to supplying a generic drug on one occasion when the prescription called for a drug with a trade name Thorazine, then billing the State for the more expensive brand name drug. For this act petitioner pleaded guilty to a charge of falsifying business records, first degree, a Class E felony in County Court and received a $1,000 fine.
After receiving the notification, petitioner duly requested a hearing in accordance with the provisions of 18 NYCRR Part 515 which was held before a hearing officer on December 22, 1977. At the hearing no witnesses were called; the hearing consisting entirely of the submission into evidence of documents followed by arguments of counsel. The only presentation of respondent relevant to petitioner’s practice was a copy of the count to which petitioner pleaded guilty, a copy of the plea detailing the facts of the crime and the minutes of the sentencing.
One of the questions argued at the hearing was whether *208 this one act of petitioner’s fit the definition of "an unacceptable practice” contained in the regulations. These regulations provide that the finding of an "unacceptable practice” defined as "conduct which fails to meet standards of good professional medical care and treatment, hampers effective administration of the medical assistance program, disregards established policies, standards, fees and procedures, increase costs to the program without providing equivalent increases in benefits to the program or client, is inconsistent with program standards or regulations, exhibits an unwillingness to meet such standards or regulations, is a potential threat to public health or safety, constitutes fraud or otherwise compromises the purpose of the medical assistance program” (18NYCRR 515.1 [a]), is a necessary prelude to administrative action.
At the completion of the hearing the hearing officer found that respondent had failed to establish that petitioner engaged in a practice defined by the social services regulations as an "unacceptable practice”, but rather had shown only one unacceptable act. Consequently, it was the opinion of the hearing officer that the evidence failed to show that a six-month suspension was other than arbitrary.
Nevertheless, respondent State Commissioner affirmed the local agency’s decision to suspend stating in its decision: "The record in this case shows that appellant corporation committed an unacceptable practice in that he falsified business records submitted to the Monroe County Department of Social Services and in fact pled guilty to and was convicted of one count of falsifying business records, a felony.”
The commissioner disregarded the hearing officer’s recommendation and sustained the six-month suspension without setting forth his reasoning. While the court would express a preference for the commissioner detailing his reasons for disagreeing with the recommendation of the hearing officer, such is not required by law or the regulations. There is nothing contained in 18 NYCRR 358.15-358.19, the regulations governing the procedure at hearing and decision thereafter, which even mandates that the hearing officer make a recommendation. Instead section 358.18 merely states that the recommendation is part of the record, but the responsibility for rendering a decision after a hearing rests solely with the commissioner or an appropriate member of his staff designated by him. It is the function of the hearing officer to *209 preside at the hearing, not to set policy or to construe the regulations.
As to the interpretation given by the State Commissioner as to what constitutes "an unacceptable practice” the construction given the regulation by the agency must be upheld if not irrational or unreasonable. (Matter of Howard v Wyman, 28 NY2d 434.) The phrase is reasonably subject to the construction that the commissioner has given it, that proof of one bad act constitutes "an unacceptable practice” and suffices to invoke administrative action. (See Schaubman v Blum, 66 AD2d 676.)
Finally, the question remains as to whether the suspension for six months was excessive and an abuse of discretion in light of the conduct proved. The commissioner is armed with a wide range of possible sanctions, the ultimate being permanent disqualification throughout the State from participation in the program. Guided by the decision in Schaubman v Blum (supra), this court concludes that the penalty was not so disproportionate to the offense as to shock the court’s sense of fairness. There the First Department of the Appellate Division modified a permanent disqualification to a one-year suspension where the offense was identical to petitioner’s here.
Conduct, criminal in nature, where the State is defrauded of moneys designated to assure adequate health care for all its citizens, is a serious offense and calls for meaningful punishment.
Accordingly, the petition is denied in all respects.