■ GEOFFREY DRUCE, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.—Judgment, Supreme Court, New York County, entered June 2, 1978, dismissing appellant's petition in an article 78 proceeding to review and set aside an order of respondent, Commissioner of Health of the State of New York, which directed that (1) appellant, a medical doctor, be fined $6,500, (2) the Bureau of Narcotic Controlled Substances withhold the issuance of official New York State prescriptions for which application has been or will be made by appellant, (3) any previously issued official New York State prescriptions be canceled and surrendered, and (4) copies of various papers be forwarded to the Board for Professional Medical Conduct, unanimously modified, on the law, without costs or disbursements, to grant the petition only to the extent of remanding to respondent to fix a time period during which official New York State prescriptions shall be withheld from appellant and otherwise affirmed. The evidence adduced at the hearing amply justified the hearing officer, and the respondent, in concluding that appellant, a medical doctor, violated varied provisions of sections 3304 and 3331 of the Public Health Law, and regulations issued thereunder with regard to prescribing and dispensing controlled substances. The cumulative effect of the violations clearly merits substantial punishment, and respondent had an ample basis for imposing a fine, for requiring surrender of unused official New York State prescriptions issued to appellant, and for directing that papers associated with the hearing, including the transcript, be forwarded to the Board for Professional Medical Conduct. However, the further direction to the Bureau of Narcotic Controlled Substances that official New York State prescriptions be withheld from appellant, apparently without any time limitation, seems to us clearly excessive. The effect of such a permanent disqualification would be to make it extremely difficult if not impossible for appellant to practice his profession. (Cf. *Schaubman v Blum,* 66 AD2d 676.) We believe that there should be a fixed time limitation with respect to that order and remand to respondent for that purpose. Concur—Fein, J. P., Sandler, Sullivan, Lane and Silverman, JJ.