■    In the Matter of CUMBERLAND PHARMACY, INC., Petitioner, v BAR-BARA B. BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Department of Social Services of the State of New York which, after a hearing, permanently disqualified the petitioner from participating in the Medicaid program in this State. Petition granted to the extent that the determination is modified, on the law, by reducing the penalty to a suspension of one year from June 15, 1978. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. The petitioner was charged with engaging in an unacceptable practice pursuant to 18 NYCRR 515.1 (a). Aside from the criminal information filed against the petitioner, the only evidence submitted by the department at the hearing was the conviction of the petitioner, upon its plea of guilty, to a charge of offering a false instrument for filing in the second degree, in violation of section 175.30 of the Penal Law. The conviction resulted in the imposition of a $2,000 fine. The petitioner says that its plea was a so-called *"Serrano* plea", one entered in satisfaction of an indictment or information without an admission of the facts constituting the crime by the defendant. It is argued that since there was no admission of the crime itself, the conviction alone does not constitute sufficient evidence to support the underlying charge. We disagree. A conviction founded on a plea establishes guilt as surely as one that results from a jury verdict (cf. *People v Lynn,* 28 NY2d 196, 201; *People ex rel. Carr v Martin,* 286 NY 27, 32). A conviction is conclusive proof of the underlying facts upon which it rests and the defendant is estopped from relitigating those facts in any future proceeding *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305). Nothing in *People v Serrano* (15 NY2d 304) or in *North Carolina v Alford* (400 US 25) suggests that if a guilty plea is accepted from a defendant who does not expressly admit to the underlying facts, the defendant is relieved of the civil consequences that flow from his plea. The Legislature abolished the plea of *nolo contendere* in this State and it cannot be revived in a new guise without legislative approval *(Ando v Woodberry,* 8 NY2d 165, 170). The petitioner's guilty plea binds it as strongly as any admission of the facts constituting the crime charged and its guilty plea constitutes sufficient evidence for the finding that it engaged in an unacceptable practice. However, the penalty imposed was excessive. All of the charges against this pharmacy and its former president arose out of a single incident in which a prescription for a brand name drug was filled using its generic equivalent. Medicaid was billed for the more expensive brand name drug. The transaction involved about $8 out of the thousands of dollars of Medicaid business done by this pharmacy every year. It is undisputed that disqualification of this petitioner as a Medicaid provider would virtually force it out of business. Under strikingly similar circumstances, the Appellate Division, First Department, found a penalty of permanent disqualification to be excessive and reduced it to a one-year suspension *(Shaubman v Blum,* 66 AD2d 676). There are additional mitigating circumstances here. The officer of the petitioner most immediately responsible for sending out the voucher, its president, was asked to resign and to sell his substantial interest in the business as soon as it was learned that the transaction in question was under investigation. He no longer has any connection with the petitioner. Permanent disqualification is an unduly harsh penalty that would serve no purpose if imposed here. A one-year suspension is appropriate. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.