(February 23, 1981)

■ WILLIAM ALEXANDER, Respondent, v CITY OF PEEKSKILL et al., Appellants, et al., Defendant. — In an action to recover damages for a violation of civil rights (US Code, tit 42, §§ 1983, 1985), the defendants City of Peekskill and William Booth, as former Chief of Police, appeal from an order of the Supreme Court, Westchester County, dated September 17, 1979, that denied their motion to dismiss the action on any of the grounds advanced, to wit, lack of jurisdiction, collateral estoppel, Statute of Limitations, and failure to state a cause of action (CPLR 3211, subd [a], pars 2, 5, 7). Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss the complaint granted. The plaintiff sues to recover damages for a violation of his civil rights against the appealing defendants City of Peekskill and Booth, the former Police Chief of the city (see US Code, tit 42, §§ 1983, 1985). The plaintiff pleaded guilty to reckless endangerment and was sentenced to a term of imprisonment. He alleges in his complaint that he was indicted as the result of perjured testimony given by a police officer, the defendant Voegler (not appealing), before the Grand Jury. More than six years after the plaintiff's conviction Voegler pleaded guilty to perjury with respect to the Grand Jury testimony received in connection with the plaintiff. The plaintiff asserts that Booth condoned the perjury in that he knew Voegler had testified falsely, and hence is liable under the statute, and that the city is liable for the unlawful acts of its agents and employees. The plaintiff has sought no relief by way of *coram nobis* (see CPL art 440) or other form of remedy to set aside his guilty plea or conviction. While the plaintiff's plea of guilty and conviction stands, collateral estoppel prevents the plaintiff from relitigating the issue of his guilt (see *Allen v McCurry,* 449 US 90, 94-96). A judgment of conviction is conclusive proof of the underlying facts in a subsequent civil action *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300; cf. *Thistlewaite v City of New York,* 497 F2d 339; *Mastracchio v Ricci,* 498 F2d 1257; 1B Moore, Federal Practice [1974 ed] par 0.418 [1], p 2706). Accordingly, the plaintiff's claims of unlawful arrest, illegal detention, and violation of his right to a fair trial are precluded by his plea of guilty and conviction. It is also fundamental that at common law actions to recover

damages in tort for perjury committed in a prior action or proceeding do not lie *(Newin Corp. v Hartford Acc. & Ind. Co.,* 37 NY2d 211, 217; *Sachs v Stecker,* 60 F2d 73, 75; *Yaselli v Goff,* 12 F2d 396, 403, affd 275 US 503; 70 CJS, Perjury, § 92). The exception to the rule, permitting an action where the perjury is merely a part of a fraudulent scheme greater in scope than the issues determined in the prior proceeding *(Burbrooke Mfg. Co. v St. George Textile Corp.,* 283 App Div 640), is not applicable here. Though Voegler's perjury may be conclusively proved by his conviction, it does not necessarily follow that the plaintiff may have pleaded guilty because of Voegler's testimony before the Grand Jury; the plaintiff may have pleaded thus because of a consciousness of guilt, or because of other circumstances impelling his plea. Absent the vacatur of his plea and conviction, the judgment against him remains conclusive proof of guilt. Accordingly, the order must be reversed, and the motion to dismiss granted. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.