■ STATE OF NEW YORK, Respondent, v ANDREW J. BRITT et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered March 18, 1987 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

On April 8, 1982, the State Department of Social Services entered into a five-year contract with defendant Word Processing Transcribers, Inc. and its president, defendant Andrew J. Britt. The contract provided that Word Processing was to provide transcription services for the Department's Office of Disability Determinations. The agreement further provided that Word Processing was to be reimbursed at an agreed-upon

rate for the "actual number of lines transcribed" based upon monthly vouchers.

Thereafter, Word Processing began performance of the contract and received periodic payments for transcription services based upon vouchers setting forth the number of lines transcribed. On October 30, 1984, Britt was indicted and charged with 3 counts of filing false instruments, 6 counts of falsifying business records and 1 count of attempted grand larceny. All counts of this indictment related to the number of "lines" of transcription billed by Word Processing to the Department pursuant to their contract. By letter dated October 31, 1984, the Department terminated its contract with defendants.

On March 29, 1985, Britt pleaded guilty to the third count of the indictment charging the class E felony of offering a false instrument for filing in the first degree. Briefly, the third count alleged that Britt presented to the Department a written statement, consisting of a voucher and accompanying statements, knowing that said written statement contained false information with respect to the number of "lines" that had been transcribed and for which Britt was seeking payment, with intent to defraud the State. Based upon Britt's guilty plea, a judgment of conviction was entered against him.

On November 14, 1984, the State commenced this action alleging that defendants breached their contract and violated Social Services Law § 145-b by seeking payment for transcription services they had not rendered. The State sought to recover the costs of contract termination and civil damages equal to three times the amount defendants overcharged, pursuant to Social Services Law § 145-b. After issue was joined, the State moved for summary judgment against defendants in the amount of $1,554,301.17 or, in the alternative, partial summary judgment on the issue of liability.

Supreme Court granted the State partial summary judgment finding as a matter of law that defendants were liable for breach of contract and for violation of Social Services Law § 145-b. Supreme Court denied without prejudice the State's motion for summary judgment on damages. This appeal by defendants ensued. We affirm.

We hold that partial summary judgment on the issue of liability was proper. Britt's guilty plea and criminal conviction establish as a matter of law his breach of contract and violation of Social Services Law § 145-b. The plea and criminal conviction constitute conclusive proof of the underlying facts in this civil action based upon the same transactions (see,

*Alexander v City of Peekskill,* 80 AD2d 626). Accordingly, the criminal conviction provides sufficient predicate for the grant of partial summary judgment.

Those same facts also establish a violation of Social Services Law § 145-b. Britt's knowing and intentional overbilling by false vouchers for services not provided falls directly within the provisions of the statute, and Britt's plea and conviction conclusively establish a violation of the statute.

Finally, we reject defendants' argument that a question of fact exists because Britt avers in his affidavit in opposition to the motion for summary judgment that all billings were as accurate as possible. Defendants are collaterally estopped from denying the facts underlying Britt's plea and conviction. A conviction is conclusive proof of the underlying facts upon which it rests, and a defendant is collaterally estopped from relitigating those facts in any future proceeding *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305; *see also, Alexander v City of Peekskill, supra; Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903).

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.