■ LIZETTE D. ABRAHAO, Individually and as Administratrix of the Estate of WILSON E. ABRAHAO, Deceased, Plaintiff, and GERALD J. GUALBERTO, as Administrator of the Estate of CARLOS GUALBERTO, Deceased, et al., Appellants, v ALBERT PERRAULT, JR., Respondent, et al., Defendants.—Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 25, 1988 in Ulster County, which, *inter alia,* denied the cross motion of various plaintiffs to strike the answer of defendant Albert Perrault, Jr.

This negligence action arises out of a motor vehicle accident involving a tractor trailer operated by defendant Albert Perrault, Jr., who pleaded guilty to two counts of vehicular manslaughter in the second degree as a result of the accident. Contending that Perrault is collaterally estopped from litigating the issue of his negligence in causing the accident, plaintiffs Gerald J. Gualberto, Helcio Figueiredo and Nilton Leite (hereinafter plaintiffs) moved to strike his answer. Supreme Court denied the motion.

We agree with plaintiffs' contention that Perrault's prior conviction can serve as a bar to Perrault's litigation of the issue of his negligence in this civil action *(see, S. T. Grand, Inc. v City of New York,* 32 NY2d 300; *Bergen v Shapiro,* 129 AD2d 669), and the fact that the conviction is the result of a plea, rather than a jury trial, does not alter this conclusion *(see, State of New York v Britt,* 141 AD2d 911). That the doctrine of collateral estoppel or issue preclusion may be applicable here does not, however, provide a basis for striking Perrault's answer *(cf., Jordan v Britton,* 128 AD2d 315, 321-322). On the contrary, it appears that the CPLR does not

permit a motion to strike an answer on the ground urged by plaintiffs *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:4, at 141).

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.