Charles Trott, Jr., Appellant, v Merit Department Store et al., Respondents.

First Department, January 31, 1985

### APPEARANCES OF COUNSEL

*Martin S. Rothman* of counsel (*Richard Godosky* and *Alyne I. Diamond* with him on the brief; *Weiss, Molod, Berkowitz & Godosky* and *Seligson, Rothman & Rothman,* attorneys), for Merit Department Store, respondent.

*Michael W. Kirshon* of counsel (*Perry Satz, P. C.,* attorney), for Gary L. Bashor, respondent.

*Terry D. Horner* of counsel (*Myra I. Packman* on the brief; *Meiselman, Farber, Stella & Eberz, P. C.,* attorneys), for appellant.

### OPINION OF THE COURT

Asch, J.

It is essentially undisputed that on December 14, 1976, at approximately 9:00 P.M., defendant Bashor, a security guard employed by defendant Merit, observed plaintiff stealing property from a woman in the shopping mall. He chased the plaintiff, shouted warnings, fired once up in the air, shouted another warning and then discharged his shotgun to the ground, hitting

plaintiff in the back. Plaintiff has allegedly been rendered a paraplegic as a result of the injuries he sustained.

Plaintiff commenced this action against Bashor and Merit by service of a summons on or about December 19, 1977, and service of a verified complaint on or about January 31, 1978, which contained two causes of action. The first alleged that on December 14, 1976, Bashor "negligently assaulted" plaintiff while acting within the scope of his authority as an employee of Merit. The second alleged that defendant maliciously assaulted plaintiff.

After answering, Merit moved for leave to amend its answer to include a Statute of Limitations defense to the action. Special Term granted this motion and "in the interest[s] of justice" granted plaintiff leave to amend his complaint. On August 20, 1982, plaintiff served an amended complaint adding a third cause of action against defendant Merit for negligently hiring and retaining Bashor because of prior police and employment records which allegedly indicated violent tendencies. Both defendants served amended answers asserting a Statute of Limitations defense to the action. After the second cause of action in the amended complaint had been dismissed as against Bashor on Statute of Limitations grounds, both defendants moved for dismissal of the complaint on the same grounds. In an order dated May 3, 1983, Special Term denied defendant Merit's motion to dismiss the complaint but granted defendant Bashor's cross motion to dismiss. Upon reargument, Special Term reiterated that the entire complaint was dismissed as to defendant Bashor and dismissed the first two causes of action against Merit. The appeal herein is from this order.

Special Term properly treated plaintiff's first cause of action for "negligent assault" as an assault, governed by the one-year Statute of Limitations (CPLR 215) and not the three-year negligence Statute of Limitations (CPLR 214).

Plaintiff asserts that the circumstances present a question of fact whether Bashor's actions constituted intentional conduct or negligent behavior and further, that Bashor did not act with the requisite intent for assault since he fired at the ground. However, it has been said: "There is, properly speaking, no such thing as a negligent assault. But the intent need not necessarily be to inflict physical injury, and it is enough that there is an intent to arouse apprehension. Thus it is an assault to fire a gun, though not aimed at the plaintiff, for the purpose of frightening the plaintiff" (Prosser and Keeton, Torts [5th ed], § 10, p 46).

The Restatement of the Law (Torts 2d, § 16) states in pertinent part at pages 27-28:

"Character of Intent Necessary

"(1) *If an act is done with the intention* of inflicting upon another an offensive but not a harmful bodily contact, or *of putting another in apprehension* of either a harmful or offensive bodily contact, *and such act causes a bodily contact to* the other, *the actor is liable* to the other *for a battery* although the act was not done with the intention of bringing about the resulting bodily harm." (Emphasis added.)

Thus, in an action to recover damages for assault founded on bodily contact, the plaintiff is not required to show defendant intended physically to injure him, nor that he intended to cause specific injuries resulting from the contact (*Masters v Becker,* 22 AD2d 118).

The allegations of the complaint do not even assert a cause of action for negligence upon the facts herein. Although the first cause of action alleged "defendant * * * negligently caused" plaintiff's injuries, this does not mandate a finding that it sounded in negligence. Form should not be exalted over substance and it is the reality and essence of the cause of action that is controlling (*Goldberg v Sitomer, Sitomer & Porges,* 97 AD2d 114). From the facts alleged by plaintiff in his complaint, it is clear that no negligence claim can be justified upon these facts, and the sole viable cause of action (as between the first two causes of action) is for assault.

It may be argued that a different result is required by *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389, 395), with respect to the application of the Statute of Limitations. Even in that case, however, the court in discussing a prior case was careful to state that: "We took note, however, of the cases in our courts in which the choice of Statute of Limitations had turned on what was termed the 'reality' or the 'essence' of the particular theory of liability on which the plaintiff relied. We observed that 'many of these cases were decided in the context of causes of action to recover damages for direct or underlying personal injury', and recognized that different policy considerations were involved and often different results reached in actions for damages to property or pecuniary interest only".

In the case before us there is no alternative between the negligence Statute of Limitations and that for assault since the allegations of the complaint, no matter how read, cannot be construed, on the facts alleged, to sustain an action sounding in

negligence. Consequently, the one-year Statute of Limitations was correctly applied by Special Term.

Accordingly, the order of the Supreme Court, New York County (Kirschenbaum, J.), entered October 4, 1983, which granted defendant Merit Department Store's motion to reargue and upon reargument dismissed plaintiff's complaint as to defendant Bashor and the first and second causes of action in the complaint as to defendant Merit, should be affirmed, with costs.

SANDLER, J. P. (concurring). I am in agreement with the conclusion reached by the court and much of the analysis in the court's opinion. I do not, however, agree with that paragraph of the court's opinion which refers to "the reality and essence of the cause of action" as controlling the applicable Statute of Limitations.

I should have thought that the approach to Statute of Limitations problems implicit in "the reality and essence" language had been definitively laid to rest by the Court of Appeals in *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389), with the single partial exception suggested in that part of the *Sears, Roebuck* opinion quoted in this court's opinion. As the Court of Appeals made quite clear in *Sears, Roebuck,* a complaint that adequately sets forth allegations entitling the plaintiff to relief on a theory not barred by the Statute of Limitations may not be dismissed on the basis that the allegations also set forth a theory of recovery that is barred by the Statute of Limitations, and which theory of recovery seems to the court to correspond more closely to the essence of the situation.

FEIN, LYNCH and MILONAS, JJ., concur with ASCH, J.; SANDLER, J. P., concurs in a separate opinion.

Order, Supreme Court, New York County, entered on October 4, 1983, unanimously affirmed. Respondents shall recover of appellant one bill of $75 costs and disbursements of this appeal.