■ NADIA FERRAN, Appellant, v LAWRENCE J. WILLIAMS et al., Respondents. [598 NYS2d 866] —Levine, J. Appeal from an order of the Supreme Court (Spain, J.), entered June 22, 1992 in Rensselaer County, which granted defendants' motion to dismiss the complaint on the ground that there was another action pending between the parties.

As the result of what appears to be a real property boundary line dispute, plaintiff, acting pro se, commenced this action in September 1991 alleging numerous causes of action sounding in trespass, assault and negligence. The trespass causes of action allege a variety of acts of trespass by defendants since 1985. The assault and negligence causes of action arise out of an incident between plaintiff and defendant Lawrence J. Williams which allegedly occurred in September 1988.

Plaintiff also commenced an action in Federal District Court, with her son named as a coplaintiff, alleging causes of action under 42 USC §§ 1983 and 1985 against a number of local and State officers. Williams and defendant Vickey Heffner were also named as defendants in the Federal action. After issue was joined in the State action which is the subject of this appeal, defendants moved to dismiss the complaint

pursuant to CPLR 3211 (a) (4), (5), (7) and (8). Supreme Court concluded that dismissal of this action was appropriate, under CPLR 3211 (a) (4), because of the pending Federal action which arose out of the same facts and circumstances as this action. Plaintiff appeals from the order of dismissal.

Although the two actions emanate from a common series of events, the State action, which alleges common-law trespass, assault and negligence, seeks to vindicate sufficiently different rights than the Federal action, which is based upon the Federal civil rights statute, so that dismissal of the State action is not warranted (see, *Montgomery Ward & Co. v Othmer,* 127 AD2d 913). In any event, as revealed at oral argument, the Federal action has been dismissed against the defendants in this action. We must, therefore, consider the alternative grounds urged by defendants upon their motion for dismissal of the various causes of action in the complaint.

The first three causes of action, contained in paragraphs 1 through 16 of the complaint, seek damages for various alleged acts of trespass beginning in the summer of 1985 and continuing up to and including the present. Trespass is an action to recover damages for an injury to property governed by the three-year limitations period contained in CPLR 214 (4) *(Jemison v Crichlow,* 139 AD2d 332, 336, *affd* 74 NY2d 726) and, therefore, plaintiff is barred from recovering under her trespass causes of action for any damages which occurred more than three years prior to the commencement of the action. The next three causes of action, contained in paragraphs 17 through 28, allege essentially the same wrongful acts of trespass and seek essentially the same damages as the first three causes of action and, therefore, should be dismissed as duplicative.

The cause of action denominated "SIXTH" and contained in paragraphs 29 through 31 also alleges trespass, but seeks to recover damages which are different than the injury to plaintiff's possessory interest alleged in the other trespass causes of action. Assuming that such damages are recoverable, the cause of action is subject to the same three-year period as the other trespass causes of action. The next two causes of action, both denominated as "SEVENTH" and contained in paragraphs 32 through 41, allege separate acts of assault which occurred on September 27, 1988. These claims are time barred (CPLR 215 [3]).

The next six causes of action, contained in paragraphs 42 through 73, repeat the conduct alleged in the assault causes of action and seek recovery on various theories of negligence. As

this Court said in *Mazzaferro v Albany Motel Enters.* (127 AD2d 374), "New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence * * *" *(supra,* at 376). The causes of action in which plaintiff seeks recovery on negligence theories allege intentional offensive conduct and, therefore, they do not state separate causes of action in negligence *(see, New York Cas. Ins. Co. v Ward,* 139 AD2d 922; *Trott v Merit Dept. Store,* 106 AD2d 158). The remaining allegations of the complaint, contained in paragraphs 74 through 77, seek recovery of "special damages" caused by defendants' conduct. These allegations, in our view, do not state a cognizable cause of action.

Based upon the foregoing analysis, we conclude that plaintiff's complaint must be dismissed except insofar as the first three causes of action, contained in paragraphs 1 through 16, and the sixth cause of action, contained in paragraphs 29 through 31, seek to recover damages for acts of trespass which allegedly occurred within three years of commencement of the action.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed those portions of the first three causes of action of the complaint, contained in paragraphs 1 through 16, and the sixth cause of action, contained in paragraphs 29 through 31, which seek to recover damages for acts of trespass that allegedly occurred within three years of the commencement of the action; motion denied to that extent; and, as so modified, affirmed.