■ JAVIER SANCHEZ, an Infant, by PURIFINA HERNANDEZ, His Parent, et al., Appellants, v WALLKILL CENTRAL SCHOOL DISTRICT, Defendant, and CLAYTON MARSHALL, an Infant, by JEAN CARVER, His Parent, Respondent. [633 NYS2d 871] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Vogt, J.H.O.), entered July 20, 1994 in Ulster County, which granted defendant Clayton Marshall's motion to set aside a verdict in favor of plaintiffs and dismissed the complaint.

In a classroom confrontation, defendant Clayton Marshall deliberately punched plaintiff Javier Sanchez, knocking him to the ground and causing personal injuries. This action, charging defendants with negligence and seeking damages for Sanchez's injuries, ensued. At the conclusion of the trial, Marshall moved to dismiss the action against him or, alternatively, for a directed verdict, asserting that because the evidence established only that he had committed the intentional torts of assault and battery, it was insufficient, as a matter of law, to support a finding of negligence. Although Supreme Court initially reserved on the motions and submitted the matter to the jury under a negligence theory, it eventually concluded that the resulting verdict, holding Marshall 70% at fault and Sanchez 30% at fault, was unsupported by the evidence, and dismissed the action. Plaintiffs appeal.

We affirm. Plaintiffs' proof supports no conclusion but that Marshall intentionally provoked and then attacked Sanchez, striking him in the face, knocking him to the floor and causing the injuries for which he seeks compensation. There is no basis in the record to support a finding that the touching was inadvertent, accidental or anything but willful (*see, Mazzaferro v Albany Motel Enters.,* 127 AD2d 374, 376). There is no such thing as a negligent assault (*supra*; Prosser and Keeton, Torts § 10, at 46 [5th ed]); once intentional offensive contact has been established, the aggressor is liable for assault, not negligence (*see, Ferran v Williams,* 194 AD2d 962, 964; *Trott v Merit Dept. Store,* 106 AD2d 158, 160). Inasmuch as the record is bereft of support for plaintiffs' allegations of negligence, the jury could not have reached its conclusion on any rational interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493,

499) and dismissal of the complaint was proper (*see, Olszowy v Norton Co.*, 159 AD2d 884, 886, *lv denied* 76 NY2d 704).

Mikoll, J. P., Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.