■ Mario Rubino, Respondent, v Ismael Ramos, Appellant, et al., Defendants. [641 NYS2d 409] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Patsalos, J.), entered January 19, 1995 in Orange County, upon a verdict rendered in favor of plaintiff against defendant Ismael Ramos on the issue of liability.

On March 14, 1992 defendant Ismael Ramos (hereinafter defendant), his brother, defendant Billy Ramos, and a friend went to Shaker's bar, located in the City of Middletown, Orange County. An argument ensued sometime around 1:00 A.M.; apparently, defendant had asked a girl to dance and her boyfriend had become angry with defendant for doing so. According to plaintiff and two eyewitnesses who testified on behalf of plaintiff, as the argument continued defendant broke a beer bottle or a glass over the boyfriend's head; plaintiff, an innocent bystander, was injured when pieces of broken glass struck him in the face.

Plaintiff commenced this action against defendant, Ramos, and defendant G & B Pubs, Inc., the corporation which owns Shaker's bar, alleging, *inter alia*, negligence which caused plaintiff's injuries. A trial was commenced and, at the conclusion of the proof, defendant moved to dismiss the complaint upon the ground that plaintiff improperly framed his cause of action in negligence; more specifically, defendant argued, the facts adduced at trial did not support a negligence theory, but rather an intentional tort theory. Supreme Court denied defendant's motion and the jury found defendant 90% negligent and G & B Pubs 10% negligent. Defendant appeals.

We affirm. Initially, we reject defendant's contention that the doctrine of transferred intent should be applied to the facts in this case (*see,* Prosser and Keeton, Torts § 8, at 37-38 [5th ed]; *compare, Jones v State of New York,* 96 AD2d 105, 110-111, *lv denied* 62 NY2d 605).* In the case at bar the evidence shows that the "touching" of plaintiff, an innocent bystander, was not intentional, but rather inadvertent and accidental (*cf., Sanchez v Wallkill Cent. School Dist.,* 221 AD2d 857); the glass object was hurled at a third person, hit the third person and fragments of that broken glass injured plaintiff. In our view, plaintiff properly pleaded a negligence cause of action.

Moreover, the proof indicates that defendant owed a duty to plaintiff to exercise reasonable care and that duty was breached when defendant hit the third party with the glass object, knowing that it could injure innocent bystanders. Defendant's hurling of the glass object was the proximate cause of the injuries that plaintiff sustained; thus, plaintiff succeeded in proving that defendant was negligent (*see, Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Notably, there is no such thing as a negligent assault in New York (*see, Sanchez v Wallkill Cent. School Dist.,* 221 AD2d 857; *Barraza v Sambade,* 212 AD2d 655, 656; *Mazzaferro v Albany Motel Enters.,* 127 AD2d 374, 376). Rather, New York courts have adopted the view that once intentional offensive contact has been proven, the actor is liable for assault and not negligence (*see, Sanchez v Wallkill Cent. School Dist., supra; Ferran v Williams,* 194 AD2d 962, 964; *Mazzaferro v Albany Motel Enters., supra,* at 376).