■ DANIEL LOCKE, Respondent, v NORTH GATEWAY RESTAURANT, INC., Doing Business as THE JAGER HOUSE RESTAURANT, et al., Defendants, and JEFFREY ALTMAN, Appellant. [649 NYS2d 539] —Spain, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 12, 1995 in Warren County, which, *inter alia*, denied defendant Jeffrey Altman's motion for summary judgment dismissing the complaint against him.

In the early morning hours of September 15, 1991, plaintiff

---

was a patron in The Jager House Restaurant (hereinafter the restaurant), a public establishment in Hamilton County, when he was allegedly attacked, assaulted, hit, kicked, punched and otherwise physically beaten by the guests, patrons, invitees and employees of the restaurant. Plaintiff claims that the guests, invitees and employees of the restaurant were in an intoxicated condition and the restaurant knew or should have known that they were intoxicated. Plaintiff specifically alleges that defendant Jeffrey Altman (hereinafter defendant), an employee of the restaurant, negligently and carelessly attacked and otherwise injured him. Plaintiff filed a summons and complaint on September 14, 1994. After issue was joined, defendant moved for summary judgment dismissing the complaint against him as untimely (see, CPLR 215 [3]); defendant contends that the cause of action against him is based solely on the theory of the intentional tort of assault, rather than negligence. Plaintiff cross-moved for leave to amend his pleadings. Supreme Court granted plaintiff's cross motion, permitted plaintiff to amend his bill of particulars and determined that "any cause of action for civil assault was not timely commenced". However, Supreme Court also determined that plaintiff properly pleaded a negligence cause of action and, therefore, the action was timely commenced. Defendant appeals.

It is well settled that "once intentional offensive conduct has been established, the aggressor is liable for assault, not negligence" (*Sanchez v Wallkill Cent. School Dist.*, 221 AD2d 857; *see, Ferran v Williams*, 194 AD2d 962, 964; *Trott v Merit Dept. Store*, 106 AD2d 158, 160). Here, plaintiff's allegations that he was "kicked, punched, attacked and otherwise injured", coupled with defendant's admissions that his actions were "purposeful" acts of self-defense, clearly support defendant's contention that the complaint seeks damages for an assault, not negligent behavior.* The "touching" of plaintiff was neither inadvertent nor accidental (*cf., Rubino v Ramos*, 226 AD2d 912, 913). The cause of action in which plaintiff seeks recovery on a negligence theory alleges intentional offensive conduct. From the facts alleged no negligence cause of action can be justified. In our view the underlying claim against defendant is for assault. "Form should not be exalted over substance" (*Trott v Merit Dept. Store, supra*, at 160; *see, Goldberg v Sitomer, Sito-*

---

* Paragraph 16 of plaintiff's original bill of particulars states: "[P]laintiff * * * will claim that the defendant * * * was negligent in assaulting the plaintiff, including hitting and kicking the plaintiff, in tearing open the scrotum of the plaintiff, and in repeatingly punching the plaintiff."

*mer & Porges*, 97 AD2d 114, *affd* 63 NY2d 831, *cert denied* 470 US 1028). Accordingly, the applicable limitation of time was one year as set forth in CPLR 215 (3).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Jeffrey Altman, by reversing so much thereof as denied Altman's motion; motion granted, summary judgment awarded to Altman and complaint dismissed against him; and, as so modified, affirmed.