[787 NYS2d 745]

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant-Respondent, v JOHN J. VUCICH, Also Known as JOHN J. Vuvucich, Respondent-Appellant. (Action No. 1.)

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant-Respondent, v JOHN J. VUCICH, Also Known as JOHN VUICH, Respondent-Appellant. (Action No. 2.)

JOHN J. VUCICH et al., Respondents-Appellants, v GENERAL MOTORS ACCEPTANCE CORPORATION, Also Known as GMAC, Appellant-Respondent, and TRI-CITY AUTO RECOVERY, INC., et al., Respondents. (Action No. 3.)

Third Department, January 20, 2005

---

## APPEARANCES OF COUNSEL

*Miller & Meola*, Albany (*Rudolph J. Meola* of counsel), for appellant-respondent.

*Steven M. Melley*, Rhinebeck, and *Albert R. Trezza*, Red Hook, for respondents-appellants.

*Roche, Corrigan, McCoy & Bush*, Albany (*Peter J. Corrigan* of counsel), for Tri-City Auto Recovery, Inc., respondent.

*Pemberton & Briggs*, Schenectady (*Paul Briggs* of counsel), for Paul A. Vosteen, respondent.

## OPINION OF THE COURT

PETERS, J.

In 1999, John Vucich entered into retail installment contracts for the purchase of two vehicles. Upon his default, General Motors Acceptance Corporation (hereinafter GMAC), to which these contracts were assigned, hired Tri-City Auto Recovery, Inc. to repossess them. During the repossession, Paul A. Vosteen, an employee of Tri-City, became involved in a physical altercation with Vucich.

Three separate lawsuits ensued. In the first two actions, GMAC sought payment from Vucich pursuant to the installment contracts. Vucich filed counterclaims and asserted numerous affirmative defenses, which, as here relevant, did not include claims for negligence, battery or a violation of UCC former 9-503 (L 1962, ch 553).[1] The third action was commenced by Vucich and his wife, derivatively (hereinafter collectively referred to as Vucich), more than two years after the repossession. In that action, Vucich asserted a claim for personal injuries against GMAC, Tri-City and Vosteen as a result of, among other things,

---

1. The two applicable repossession provisions existing at the time of accrual were UCC 9-503 and 9-507.

GMAC's breach of the peace in violation of UCC 9-609 (b) (2).[2] All three actions were consolidated and GMAC moved for summary judgment by alleging in the first two actions that Vucich defaulted under the contracts and, in the third action, that the statute of limitations precluded his claims. Tri-City and Vosteen sought the same relief and Vucich cross-moved to dismiss this defense.

Supreme Court granted summary judgment in favor of GMAC on the contract claims and found that while Vucich's personal injury claims against Tri-City and Vosteen in the third action were barred by the one-year statute of limitations applicable to battery[3] (see CPLR 215 [3]), the claims against GMAC were subject to the three-year statute of limitations period of CPLR 214 (2). GMAC appealed and Vucich cross-appealed.[4]

The sole issue presented is whether Vucich's cause of action against GMAC was based upon a liability created by UCC former 9-503, thus warranting the application of the three-year statute of limitations period of CPLR 214 (2).

Giving the pleadings a liberal construction, as we must, we find Vucich to have sufficiently pleaded a valid cause of action for breach of the peace under UCC former 9-503. That provision sets forth a secured party's right to repossession of collateral, without judicial process after default, if the repossession can be accomplished peaceably. Upon its violation, the debtor will have "a right to recover from the secured party any loss caused by a failure to comply with the provisions of [UCC former 9-503]" (UCC former 9-507 [1]). CPLR 214 (2) prescribes a three-year statute of limitations period for an action to recover upon a liability created or imposed by statute.

The Court of Appeals has cautioned that CPLR 214 (2) will "not automatically apply to all causes of action in which a statutory remedy is sought, but only where liability 'would not exist

---

**2.** Vucich mistakenly referenced violations of the current repossession statutes which were not added to the UCC until after his action was commenced (see L 2001, ch 84, § 36).

**3.** Despite Vucich's classification of the cause of action as one for negligence, we agree that its substance warranted Supreme Court to designate it as one for assault and battery (see *Rutzinger v Lewis*, 302 AD2d 653, 654 [2003]; *Locke v North Gateway Rest.*, 233 AD2d 578, 579-580 [1996]).

**4.** Vucich originally challenged Supreme Court's order granting GMAC summary judgment in action Nos. 1 and 2 and granting summary judgment to Tri-City and Vosteen in action No. 3. However, these claims were abandoned on appeal (see *Matter of Lue-Shing v Travis*, 12 AD3d 802, 803 n [2004]; *Chase Automotive Fin. Corp. v Allstate Ins. Co.*, 280 AD2d 761, 763 [2001]).

but for a statute' " (*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 208 [2001], quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 174 [1986]). If a statute merely codifies an existing common-law liability, the cause of action is governed by the statute of limitations applicable to the common-law source (*see Gaidon v Guardian Life Ins. Co. of Am., supra* at 208). Thus, if GMAC could have been liable for its actions at common law, then its liability to Vucich must be found to have been codified or implemented by UCC former 9-503, warranting a one-year statute of limitations period for the common-law battery cause of action (*see* CPLR 215 [3]; *State of New York v Cortelle Corp.*, 38 NY2d 83, 86-87 [1975]). If, however, GMAC could not have been held liable to Vucich at common law, then UCC former 9-503 will be deemed to have created a new liability and the cause of action would be governed by the three-year limitations period of CPLR 214 (2) (*see Gaidon v Guardian Life Ins. Co. of Am., supra* at 209; *Aetna Life & Cas. Co. v Nelson, supra* at 175).

Since an employer of an independent contractor is not generally liable for an injury caused to a third party by the acts or omissions of an independent contractor or its employees (*see Lazo v Mak's Trading Co.*, 84 NY2d 896, 897 [1994]; *Mauro v General Motors Acceptance Corp.*, 164 Misc 2d 871, 873 [1995]), and we find UCC former 9-503 to impose a nondelegable duty on GMAC as a secured creditor to keep the peace in the course of a repossession (*see Mauro v General Motors Acceptance Corp., supra* at 875),[5] we conclude that the statute created a new liability for a wrong that no other statute of limitations prescribes (*see State of New York v Cortelle Corp., supra* at 86; *compare Bryden v Wilson Mem. Hosp.*, 136 AD2d 843, 844 [1988]). This determination is supported by New York's policy "against expanding the area of permissible self-help" (*People v Reid*, 69 NY2d 469, 476 [1987]), and current official comments to this section provide that "[i]n considering whether a secured party has engaged in a breach of the peace, . . . courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral" (UCC 9-609, Comment 3).

---

5. (*Accord Thrash v Credit Acceptance Corp.*, 821 So 2d 968, 972 [Ala 2001]; *Sammons v Broward Bank*, 599 So 2d 1018, 1019-1020 [Fla 1992]; *Fulton v Anchor Sav. Bank, FSB*, 215 Ga App 456, 462-463, 452 SE2d 208, 214 [1994]; *Nichols v Metropolitan Bank*, 435 NW2d 637, 640 [Minn 1989]; *DeMary v Rieker*, 302 NJ Super 208, 220, 695 A2d 294, 300-301 [1997].)

Accordingly, we find Supreme Court to have reached the correct determination. Whether Vucich could prove damages recoverable under UCC former 9-507 resulting from this breach of the peace is an issue which must await trial.

CREW III, J.P., CARPINELLO, ROSE and KANE, JJ., concur.

Ordered that the order is affirmed, without costs.