■ GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff, v JOHN J. VUCICH, Also Known as JOHN J. VUVUCICH, Defendant. (Action No. 1.) GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff, v JOHN J. VUCICH, Also Known as JOHN J. VUICH, Defendant. (Action No. 2.) JOHN J. VUCICH et al., Appellants, v GENERAL MOTORS ACCEPTANCE CORPORATION, Also Known as GMAC, Respondent, et al., Defendants. (Action No. 3.) [818 NYS2d 327]—

Peters, J. Appeal from an order of the Supreme Court (McNamara, J.), entered October 7, 2005 in Albany County, which, inter alia, denied plaintiffs' motion for partial summary judgment in action No. 3.

The underlying facts relevant to this appeal were set forth in our prior decision reviewing the limited issue of whether John J. Vucich's cause of action against General Motors Acceptance Corporation (hereinafter GMAC) was based upon a liability created by UCC former 9-503, warranting the application of the three-year statute of limitations period of CPLR 214 (2) (15 AD3d 106 [2005]). Upon a liberal construction of the pleadings, we solely determined that Vucich sufficiently pleaded a valid

---

cause of action for breach of the peace under UCC former 9-503 and, therefore, upheld Supreme Court's determination. Upon the record presented at that time, it was undisputed that a physical altercation took place (*id.* at 107). We held that the issue of whether there would be recoverable damages pursuant to the relevant UCC provision *"resulting from this breach of the peace* [was] an issue which must await trial" (*id.* at 110 [emphasis added]).

Vucich interpreted our holding as constituting a factual determination regarding a breach of the peace and he and his wife moved for partial summary judgment on the issue of liability. GMAC cross-moved for the same relief and Supreme Court denied both motions. Vucich and his wife appeal.

In our prior review, we did not determine whether a breach of the peace occurred during the repossession. Our role, upon that appeal, was to liberally construe the pleadings to determine whether a cause of action was sufficiently pleaded under UCC former 9-503 (*id.* at 108). Although there remains no dispute that a physical altercation did take place during the repossession, there is a question of fact as to whether Paul Vosteen, an employee of Tri-City Auto Recovery, Inc., hired by GMAC to repossess the vehicle from Vucich, acted in self-defense. Supreme Court properly recognized that the reasonableness of Vosteen's actions was for the jury to decide (*see People v Perry*, 265 NY 362, 364-365 [1934]; *People v Halliday*, 237 App Div 302, 303 [1932]; *see also Cherno v Bank of Babylon*, 54 Misc 2d 277, 281-282 [1967], *affd* 29 AD2d 767 [1968]). Accordingly, the motion by Vucich and his wife for partial summary judgment in action No. 3 was properly denied.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.