■ TROY SMILEY, Respondent, v NORTH GENERAL HOSPITAL et al., Appellants. [872 NYS2d 456]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 13, 2007, which denied defendant North General Hospital's motion for summary judgment dismissing the complaint and defendant Burns International Security Services Corp.'s cross motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The evidence shows that in April 2003, plaintiff, a psychiatric patient, was allegedly injured by one of defendant Burns' security guards as he was attempting to leave the psychiatric holding area of defendant hospital. A determination had been made that plaintiff, who suffers from a number of disorders including major depression and explosive mood disorder, posed a danger

to himself and others and had to be admitted to the psychiatric ward. Plaintiff tried to leave the hospital several times, became agitated and abusive towards staff when he was not permitted to do so, and, during one struggle with security guards, allegedly fell or was pushed to the floor, sustaining the knee injury for which he now seeks damages.

This action, commenced in June 2004, is one for assault, and accordingly, is barred by the applicable one-year statute of limitations (see CPLR 215 [3]). It is well settled that once intentional offensive contact has been established, the actor is liable for assault and not negligence inasmuch as there is "no such thing as a negligent assault" (see Trott v Merit Dept. Store, 106 AD2d 158, 159 [1985] [internal quotation marks and citation omitted]; see Wrase v Bosco, 271 AD2d 440 [2000]). It is undisputed that plaintiff objected to the contact with the security personnel, and plaintiff's argument that the security personnel used excessive force does not transform this action into one for negligence (see Mazzaferro v Albany Motel Enters., 127 AD2d 374, 376 [1987]). Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.