■ DOMINIQUE CAGLIOSTRO, Respondent, v MADISON SQUARE GARDEN, INC., Appellant. [901 NYS2d 222]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 16, 2009, which, insofar as appealed from, denied defendant's motion to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff's complaint and bill of particulars allege that the shoulder injury for which he seeks to recover was sustained when, attending a rock concert at defendant arena, he fell on a slippery floor that defendant negligently failed to maintain. Plaintiff's deposition testimony, however, was that after he slipped on a wet substance near his seat and hurt his back, he got up and was "walking it off" when he was approached by an employee of defendant, who, informed that plaintiff had hurt his back, told plaintiff to sit down in an empty aisle seat. Soon thereafter, plaintiff was approached by a different employee of defendant, who, although informed by plaintiff that he was in a lot of pain and had been given the seat by another employee, started to yell at plaintiff and then grabbed and pulled him out of the seat, "manhandling" him and causing him to fall and hurt his shoulder. Nowhere in his deposition did plaintiff suggest that this second fall, in which he hurt his shoulder, was caused by beer or other liquid on the floor.

Defendant moved for summary judgment, arguing that contrary to the tenor of plaintiff's pleadings, his deposition showed that the action was for assault, and, as such, barred by the one-year statute of limitations (CPLR 215 [3]). The motion court, after granting defendant leave to amend its answer to assert

the statute of limitations, denied dismissal on that ground, stating that it could not find as a matter of law that plaintiff's negligence claim "has been completely supplanted by evidence only of an assault." This was error. The action is plainly for assault.

"It is well settled that once intentional offensive contact has been established, the actor is liable for assault and not negligence inasmuch as there is no such thing as a negligent assault" (*Smiley v North Gen. Hosp.*, 59 AD3d 179, 180 [2009] [internal quotation marks omitted]). This is so even if the actor did not intend to cause injury (*see Trott v Merit Dept. Store*, 106 AD2d 158, 159-160 [1985]; *Mazzaferro v Albany Motel Enters.*, 127 AD2d 374 [1987]). Plaintiff's contention that there is nothing in the record to establish that the touching by defendant's employee was either offensive or intentional so as to amount to an assault is simply contrary to his testimony that he was "pushed," "grabbed," "pulled," and "manhandled."

We have considered plaintiff's argument, raised for the first time on appeal, that the record contains evidence sufficient to show a cause of action for negligent training, supervision, and retention of staff, and find it to be without merit. Concur— Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.