■ Joseph Palker, Respondent, v MacDougal Rest. Inc., Doing Business as Off the Wagon, Appellant. [947 NYS2d 465]—

Order, Supreme Court, New York County (Carol R. Edmead,

J.), entered December 12, 2011, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint solely to the extent of dismissing plaintiff's claim sounding in negligent hiring, retention and supervision, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment dismissing the complaint.

Supreme Court should have granted defendants' motion in its entirety. Defendant's employee allegedly pushed plaintiff down a flight of stairs. Contrary to plaintiff's contentions, under no fair construction of the complaint or interpretation of plaintiff's own account of the events could the conduct of defendant's employee be deemed negligent. Plaintiff clearly based his action on an alleged offensive touching. Hence, defendant can be liable, if at all, only for assault and not for negligence (see Cagliostro v Madison Sq. Garden, Inc., 73 AD3d 534 [2010]; Mazzaferro v Albany Motel Enters., 127 AD2d 374 [1987]; Smiley v North Gen. Hosp., 59 AD3d 179, 180 [2009]), regardless of the manner in which the complaint characterized the action (see Trott v Merit Dept. Store, 106 AD2d 158, 160 [1985]). As such, defendant cannot be held vicariously liable for its employee's conduct because the statute of limitations elapsed in August 2008 and plaintiff did not commence this action until April 2010 (see CPLR 215 [3]; Sola v Swan, 18 AD3d 363 [2005]).

We reject plaintiff's attempt, for the first time on appeal, to argue that defendant is negligent for breaching its common-law duty, as a landowner, to keep its premises safe. Not only does the complaint fail to allege as much, but plaintiff did not allege as much in opposition to defendant's motion. Rather, this is an attempt to circumvent the dismissal of plaintiff's claim for negligent hiring, retention, and supervision by couching that claim in different terms (see Trott, 106 AD2d at 160). Plaintiff's negligent hiring, retention, and supervision claim is beyond the scope of this appeal because Supreme Court dismissed that claim and plaintiff never sought to appeal from that order. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.