OPINION OF THE COURT
Per Curiam.
Judgment, entered February 15, 2013, reversed, without costs, judgment vacated, and matter remanded for a new trial on the issues of liability and apportionment.
Plaintiff commenced this personal injury action upon allegations that he was “viciously assaulted” at the building in which he worked as a superintendent by the defaulting individual defendant (Kotaj), an employee of defendant T & R Construction Company (T & R). The trial evidence established, essentially without contradiction, that after complaining repeatedly to T & R about Kotaj’s aggressive, violent and threatening conduct at the building premises, plaintiff was “sucker-punched” by Kotaj, intentional conduct which caused plaintiff to strike his head on the marble floor of the building lobby and suffer severe brain injuries. Despite the obvious and intentional nature of Kotaj’s conduct, the trial court declined defendant’s request to submit the case to the jury on an assault theory, and instead instructed the jury on the law of negligence under PJI 2:71 and fashioned a verdict sheet asking whether Kotaj had acted negligently.
On defendant’s appeal, we reverse and order a new trial on the issues of liability and apportionment. Under no fair construction of the complaint or the trial evidence could Kotaj’s conduct be deemed negligent. Once intentional offensive contact has been established, the actor is liable for assault and not negligence, inasmuch as there is “no such thing as a negligent assault” (Cagliostro v Madison Sq. Garden, Inc., 73 AD3d 534, 535 [2010], quoting Smiley v North Gen. Hosp., 59 AD3d 179, 180 [2009]). On this record, the court’s characterization of Kotaj’s conduct as negligent was unsupported by the facts; Kotaj could be liable, if at all, only for assault (see Palker v MacDougal Rest. Inc., 96 AD3d 629, 630 [2012]; Trott v Merit Dept. Store, 106 AD2d 158, 160 [1985]).
*49 Further, “[because a finding of negligence cannot serve as a basis for liability against [Kotaj], such a finding cannot serve as a basis for imposing liability on [T & R] for negligent. . . retention” (Primeau v Town of Amherst, 303 AD2d 1035, 1036 [2003]; see Cotter v Summit Sec. Servs., Inc., 14 AD3d 475 [2005]; Wende C. v United Methodist Church, N.Y. W. Area, 6 AD3d 1047, 1053 [2004], affd 4 NY3d 293 [2005]). Thus, a new trial on liability is required. We must also of necessity set aside the apportionment of fault between T & R and Kotaj, since the jury may well have apportioned fault in reliance upon the court’s mistaken finding that Kotaj could only have been negligent, rather than liable for an assault.
However, in our view, there is no need for a new trial on the issue of damages. If, upon the retrial, a jury finds liability, the fully supported damage awards issued by this jury on proper instructions should stand (see Harrison v New York City Tr. Auth., 113 AD3d 472, 476 [2014]). The evidence adduced as to the nature, extent and permanency of plaintiffs injuries was sufficient to support the verdict reached and was not excessive (see CPLR 5501; Keating v SS&R Mgt. Co., 59 AD3d 176 [2009]).
We have considered appellant’s remaining arguments and find them unavailing.
Shulman, J.P., and Hunter, Jr., J., concur.