■ Juan Carlos Rodriguez De La Cruz, Respondent, v Eugene K. Dalmida et al., Appellants. [54 NYS3d 279]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered November 2, 2015, which granted plaintiff's motion to compel certain discovery to the extent of directing defendants to produce the documents for an in camera review, and denied defendants' motion to dismiss plaintiff's negligent entrustment claim, and order, same court and Justice, entered February 24, 2016, which granted plaintiff's motion seeking sanctions for failure to exchange discovery, unanimously reversed, on the law, without costs, defendants' motion to dismiss the negligent entrustment claim granted, plaintiffs' related discovery request denied, and the sanction order vacated.

Defendant Eugene K. Dalmida, an employee of Verizon, was using its van with permission and within the scope of his employment when the accident occurred. Verizon's vicarious liability in light of those admitted facts renders plaintiff's cause of action for negligent entrustment academic, and subject to dismissal (see Karoon v New York City Tr. Auth., 241 AD2d 323 [1st Dept 1997]). Plaintiff's claim that this case is an exception to the general rule, since punitive damages are sought, is without merit given that plaintiff has neither made a claim for punitive damages, nor pled facts sufficient to support such a claim (compare Cristallina v Christie, Manson & Woods Intl., 117 AD2d 284, 295 [1st Dept 1986]). With regard to the discovery issue, upon this appeal, plaintiff does not contest that he is not entitled to production of the subject material if the negligent entrustment cause of action is dismissed. While we are troubled by defendant's neglect of its discovery obligations, since we are dismissing the negligent entrustment cause of action, the related discovery request is denied. Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.