Williams v 268 W. 47th Rest. Inc. (2018 NY Slip Op 02398)





Williams v 268 W. 47th Rest. Inc.


2018 NY Slip Op 02398


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6228 155569/16

[*1]Shanaiah Williams, Plaintiff-Appellant,
v
268 West 47th Rest. Inc., doing business as The Copacabana, Defendant-Respondent.


Bisogno & Meyerson LLP, Brooklyn (George D. Silva of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York (Steven H. Rosenfeld of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 3, 2017, which granted defendant's motion to dismiss the complaint, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.
The complaint alleges that on April 12, 2015, plaintiff was "assaulted, struck, grabbed, battered, beaten, punched, thrown, and seriously injured" by defendant's employee. Contrary to plaintiff's argument, these allegations do not assert a claim sounding in negligence, but rather allege the intentional tort of assault, which is governed by a one-year statute of limitations (CPLR 215[3]). Accordingly, the July 5, 2016 complaint was properly dismissed as untimely (see Smiley v North Gen. Hosp., 59 AD3d 179 [1st Dept 2009]).
The motion court providently exercised its discretion in denying plaintiff's cross motion for leave to amend the complaint to add a cause of action for negligent hiring and retention. Plaintiff failed to show that the proffered amendment was "not palpably insufficient or clearly devoid of merit" (Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015] [internal quotation marks omitted]). Since the complaint sought to impose liability under the principle of respondeat superior, there can be no claim for negligent hiring and retention (see De La Cruz v Dalmida, 151 AD3d 563, 564 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK