■ CHARLES E. HOOKS, Appellant, v HARVEY MIDDLEBROOKS, Respondent. — Order unanimously reversed, with costs, plaintiff's motion for summary judgment on the issue of liability granted, and matter remitted to Supreme Court, Erie County, for an inquest on damages. Memorandum: Special Term erred by refusing to give collateral estoppel effect to defendant's prior judgment of conviction for assault in the third degree. A criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of issues and a full and fair opportunity to litigate in the first action (*Gilberg v Barbieri,* 53 NY2d 285, 291-292; *Vavolizza v Krieger,* 33 NY2d 351, 356; *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 305; *Read v Sacco,* 49 AD2d 471). This is true even though the conviction was entered pursuant to a guilty plea (*Alexander v City of Peekskill,* 80 AD2d 626; *Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903; *Armchair Races v Caso,* 51 AD2d 565). We reject Special Term's conclusion that plaintiff did not have a full and fair opportunity to litigate the assault charges against him. Unlike the situation in *Gilberg* (*supra,* p 289), in which the defendant had been charged with harassment, a "petty offense", in the instant case defendant was initially charged with a felony and ultimately pleaded guilty to a class A misdemeanor. Defendant was represented by counsel, and before entering the plea admitted the acts of assault. Some three and one-half months had elapsed between defendant's arraignment and his entry of the plea. Thus, defendant's plea was not a spur of the moment means of disposing of the charges against him, but a deliberate and calculated resolution of serious criminal charges which could have resulted in incarceration. (Appeal from order of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.