■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered August 16, 1990, convicting him of manslaughter in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a videotaped statement made to law enforcement officials.

Ordered that the judgment is affirmed.

The trial evidence showed that after drinking wine with a friend, the defendant took his rifle to the roof of his Brooklyn apartment building and fired approximately 17 shots onto the street below, killing two persons and wounding another. On appeal, the defendant argues that the court erred in refusing to instruct the jury that his chronic alcoholism rendered his intoxication involuntary so as to negate the mens rea element of reckless manslaughter *(see,* Penal Law § 125.15 [1]). We find no merit to this contention.

The Legislature has determined that voluntary intoxication may not be raised in defense of reckless manslaughter since the act of becoming intoxicated itself constitutes recklessness *(see,* Penal Law § 15.05 [3]; § 15.25; *People v Register,* 60 NY2d 270, *cert denied* 466 US 953). Contrary to the defendant's contention, alcoholism does not render an alcoholic's intoxication involuntary so as to relieve him from liability for the reckless acts committed while he is intoxicated *(see, People v Westergard,* 69 NY2d 642; *People v Tocco,* 138 Misc 2d 510; *see also, People v Davis,* 33 NY2d 221, *cert denied* 416 US 973). Therefore, the court properly denied the defendant's charge request.

We also reject the defendant's argument that his videotaped

statement should have been suppressed because he did not voluntarily, knowingly and intelligently waive his *Miranda* rights. The hearing record shows that at the time of this statement, made more than 10 hours after the crime, the defendant was not intoxicated. Furthermore, it is well settled that "[a]n effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" *(People v Williams,* 62 NY2d 285, 287). We find no basis to disturb the court's determination that the defendant, who tested within the low average to mildly retarded range of intelligence, understood and effectively waived his rights *(see, People v Corona,* 173 AD2d 484; *People v Anthony,* 165 AD2d 876; *People v Zuluaga,* 148 AD2d 480; *People v Bucknor,* 140 AD2d 705).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.