■ TODD FRIEDMAN, Appellant, v THOMAS GALLINELLI et al., Respondents. [659 NYS2d 317] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 22, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the evening of July 7, 1990, the plaintiff became embroiled in a heated argument with the defendant, Thomas Gallinelli, which escalated to the point where the plaintiff was struck in the eye with a metal lawn chair. Three years later, the plaintiff commenced this action against Thomas Gallinelli and his wife, Catherine, seeking compensatory and punitive damages. When the Gallinellis moved for summary judgment, the Supreme Court granted the motion dismissing all five causes of action. We affirm.

The first, third, and fourth causes of action, which alleged intentional torts, were properly dismissed as time-barred by the one-year Statute of Limitations set forth in CPLR 215 (3). Although the second cause of action was couched in terms of negligence, the court properly treated it as an additional intentional assault claim and dismissed it as untimely. If, based on a reading of the factual allegations, the essence of the cause of action is, as here, assault, the plaintiff cannot exalt form over substance by labeling the action as one for negligence (see, *Dykstra v Partridge*, 144 AD2d 337; *Trott v Merit Dept. Store*, 106 AD2d 158).

The fifth cause of action, which was asserted against Catherine Gallinelli, was properly dismissed because she was not present during the altercation and could not have reasonably foreseen the event (see, *Barraza v Sambade*, 212 AD2d 655).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.