■ LORI RUTZINGER, Appellant, v WILLIAM LEWIS et al., Respondents. [754 NYS2d 735] —Kane, J. Appeal from an order of

the Supreme Court (Castellino, J.), entered January 28, 2002 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

On July 24, 1999, plaintiff was a patron at an establishment known as Angles Bar and Restaurant located in the City of Elmira, Chemung County. On that date, one of the bar owners allegedly grabbed plaintiff from behind, dragged her to the door and threw her down some stairs. As a result of injuries sustained by plaintiff, she commenced this action in October 2001 against him and the other bar owner. Following service of defendants' answer, plaintiff served an amended complaint. Thereafter, defendants moved for summary judgment dismissing the action on the basis that it was barred by the one-year statute of limitations contained in CPLR 215 (3). Supreme Court granted the motion, resulting in this appeal.

Based upon our review of the complaint and amended complaint, we find that dismissal of the action was proper. The specific allegations of the complaint and amended complaint are identical. Paragraph 5 of both alleges that one of the bar owners: "maliciously grabbed the plaintiff from behind by placing his forearm around her throat causing damage to her vocal cords and throat and began to drag the plaintiff to the front of the door * * * [and] while [he] was dragging the plaintiff his forearm slipped up to her nose causing one of her teeth to fall out, and breaking her nose. He then proceeded to drag her out the door when [she] reach[ed] the steps he threw her down two to three stairs and she landed on the concrete sidewalk causing injuries to her elbow, knees, back, and arm." The only difference between the two pleadings is that the complaint refers to the incident as an assault while the amended complaint refers to it as negligence.

In classifying a cause of action for statute of limitations purposes, the controlling consideration is not the form in which the cause of action is stated, but its substance (see Friedman v Gallinelli, 240 AD2d 699, 700; Locke v North Gateway Rest., 233 AD2d 578, 579; Trott v Merit Dept. Store, 106 AD2d 158, 160). Here, the conduct forming the basis of plaintiff's action clearly sounds in the nature of an intentional tort, not negligence. Although plaintiff seeks to avoid dismissal by arguing in her brief that questions of fact exist concerning whether one of the bar owners was negligent in failing to prevent the actions of the other, no such specific allegations are contained in the amended complaint. Therefore, whether considered a motion pursuant to CPLR 3211 (a) (5) or CPLR 3212, Supreme Court properly dismissed the action on the basis that it was

governed by the one-year statute of limitations contained in CPLR 215 (3) applicable to intentional torts. We have considered plaintiff's remaining arguments and find them unavailing.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.