■ JANE DOE et al., Appellants, v BRAD J. JACOBS, Respondent. [797 NYS2d 293]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Covello, J.), entered April 29, 2004, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), and (2) so much of an order of the same court entered August 4, 2004, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 29,

2004, is dismissed, as that order was superseded by the order entered August 4, 2004, made upon reargument; and it is further,

Ordered that the order entered August 4, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

When determining the applicable statute of limitations, courts look to the essence of the stated claims and not to the label ascribed to them by the plaintiffs (*see Western Elec. Co. v Brenner*, 41 NY2d 291, 293 [1977]; *Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 263-264 [1937]; *Schetzen v Robotsis*, 273 AD2d 220, 220-221 [2000]). Here, the gravamen of the plaintiffs' claims is that the defendant subjected her to unwelcome sexual contact for purposes unrelated to medical treatment. Regardless of how it is characterized, such a claim alleges an intentional tort subject to a one-year statute of limitations (*see* CPLR 215 [3]; *Langford v Roman Catholic Diocese of Brooklyn*, 271 AD2d 494, 495 [2000]; *Tserotas v Greek Orthodox Archdiocese of N. & S. Am.*, 251 AD2d 323, 324 [1998]; *Karczewski v Sharpe*, 248 AD2d 679, 680 [1998]; *Sharon B. v Reverend S.*, 244 AD2d 878, 879 [1997]). Since the defendant's alleged conduct occurred on October 29, 2001, and the plaintiff's claim was not interposed until October 3, 2003, the Supreme Court correctly granted the defendant's motion to dismiss on the ground that the plaintiffs' claims were barred by the one-year statute of limitations applicable to intentional torts (*see* CPLR 215 [3]) and, upon reargument, properly adhered to its original determination.

The plaintiffs' remaining contentions are either without merit or academic in light of our determination. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.