NAHSHON AARON COUNCIL, Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent. [909 NYS2d 596]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered September 24, 2009 in a declaratory judgment action. The judgment, insofar as appealed from, granted the motion of defendant for summary judgment, declared that defendant is not obligated to defend and indemnify its insured and denied the cross motion of plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that, inter alia, defendant is obligated to defend and indemnify its insured, a nightclub against which plaintiff obtained a default judgment. In the underlying action, plaintiff sought damages for injuries he sustained during an altercation with an employee of the nightclub. Supreme Court, inter alia, granted defendant's motion for summary judgment dismissing the complaint in this action and denied plaintiff's cross motion for summary judgment on the complaint. We affirm.

At the outset, we agree with plaintiff that the court erred in determining that he failed to plead a cause of action for negligence against the nightclub in the underlying action. Plaintiff alleged that he suffered an "assault" and that the nightclub was "negligent." It is well settled that "an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' . . . 'If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured,'" and that is the case here (*Automobile Ins. Co. of*

*Hartford v Cook*, 7 NY3d 131, 137 [2006]; *see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 669-670 [1981], *rearg denied* 54 NY2d 753 [1981]; *see also Melito v Romano*, 160 AD2d 1081, 1082 [1990]).

We conclude, however, that defendant established its entitlement to judgment as a matter of law dismissing the complaint. Plaintiff testified during the hearing preceding the default judgment that he was injured when he was "tackled" by a bouncer at the nightclub during a discussion with the bar manager. Although plaintiff alleges that he was injured as a result of the "negligence" of the bouncer, the record demonstrates that the attack was an unprovoked assault, and thus the event falls within the "Assault and Battery" exclusion of the nightclub's insurance policy with defendant (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]; *US Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 822-823 [1995]; *Mark McNichol Enters. v First Fin. Ins. Co.*, 284 AD2d 964 [2001]).

Contrary to plaintiff's contention, "[d]efendant is not estopped from asserting that its insured acted intentionally by virtue of the finding of negligence in the [underlying] action. Because the judgment was entered on default, the issue of negligence was not actually litigated in [that] action, and the finding of negligence therefore has no collateral estoppel effect" (*Rourke v Travelers Ins. Co.*, 254 AD2d 730, 731 [1998]; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 771 [1997]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.