■ DICKON TONG, Appellant, v TARGET, INC., et al., Respondents. [922 NYS2d 458]—

In an action to recover damages for personal injuries and for racial discrimination pursuant to 42 USC § 1981, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered August 27, 2010, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action as barred by the one year statute of limitations applicable to intentional torts (*see* CPLR 215 [3]). In determining which limitations period is applicable to a given claim, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties (*see Western Elec. Co. v Brenner*, 41 NY2d 291, 293 [1977]; *Doe v Jacobs*, 19 AD3d 641, 642 [2005]; *Rutzinger v Lewis*, 302 AD2d 653, 654 [2003]). The factual allegations of the first cause of action clearly set forth only intentional tortious conduct on the part of the defendants (*see e.g. Cagliostro v Madison Sq. Garden, Inc.*, 73 AD3d 534, 535 [2010]; *Schetzen v Robotsis*, 273 AD2d 220, 220-221 [2000]; *Friedman v Gallinelli*, 240 AD2d 699, 700 [1997]; *Locke v North Gateway Rest.*, 233 AD2d 578, 579 [1996]), and the cause of action therefore was governed by the one-year limitations period, which had expired prior to commencement of this action. The

plaintiff could not avoid the running of the limitations period merely by attempting to couch the claim as one sounding in negligence (*see Smith v County of Erie*, 295 AD2d 1010, 1010-1011 [2002]; *Wertzberger v City of New York*, 254 AD2d 352 [1998]; *Mazzaferro v Albany Motel Enters.*, 127 AD2d 374, 376-377 [1987]).

The Supreme Court also properly granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the second cause of action to recover damages for racial discrimination under 42 USC § 1981. "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute" (*Mian v Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F3d 1085, 1087 [1993], *cert denied* 516 US 824 [1995]). Here, the complaint is totally bereft of any factual allegations to support the second element of intent to discriminate on the basis of race (*see e.g. Yusuf v Vassar Coll.*, 35 F3d 709, 713 [1994]; *Mian v Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F3d at 1087). Accordingly, the plaintiff's conclusory and speculative assertions were inadequate to state a cause of action to recover damages for racial discrimination under 42 USC § 1981. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.