■ PATRICK McDONALD, Appellant, v MICHAEL RICCUITI et al., Respondents. [6 NYS3d 134]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated April 11, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and fifth causes of action in the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and fifth causes of action as barred by the one-year statute of limitations applicable to intentional torts (see CPLR 215 [3]). In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties (see Western Elec. Co. v Brenner, 41 NY2d 291, 293 [1977]; Doe v Jacobs, 19 AD3d 641, 642 [2005]; Rutzinger v Lewis, 302 AD2d 653, 654 [2003]). The factual allegations of the third, fourth, and fifth causes of action clearly set forth only intentional tortious conduct on the part of the defendants (see e.g. Cagliostro v Madison Sq. Garden, Inc., 73 AD3d 534, 535 [2010]; Schetzen v Robotsis, 273 AD2d 220, 220-221 [2000]; Friedman v Gallinelli, 240 AD2d 699, 700 [1997]), governed by the one-year limitations period of CPLR 215 (3). The defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that this action was not commenced until after the running of the applicable statute of limitations (see CPLR 215 [3]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Goetz-Haddad v Pathmark Supermarkets, 13 AD3d 480 [2004]; Schetzen v Robotsis, 273 AD2d 220, 221 [2000]; Wertzberger v City of New York, 254 AD2d 352 [1998]; Friedman v Gallinelli, 240 AD2d 699, 700

[1997]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff could not avoid the running of the limitations period merely by attempting to couch the causes of action as sounding in negligence (see Smith v County of Erie, 295 AD2d 1010, 1010-1011 [2002]; Wertzberger v City of New York, 254 AD2d 352 [1998]; Mazzaferro v Albany Motel Enters., 127 AD2d 374, 376-377 [1987]). The plaintiff's remaining contention is without merit. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and fifth causes of action in the complaint as time-barred. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.