# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

630

CA 14-01784

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

ROBERT M.D. AND KATHERINE A.D., INDIVIDUALLY,
AND AS PARENTS AND NATURAL GUARDIANS OF
BRANDON S.D., PLAINTIFFS-RESPONDENTS,

                    V                                MEMORANDUM AND ORDER

FRANK W. STERLING, DEFENDANT-APPELLANT.

---

LOSI GANGI, BUFFALO (PATRICK J. BROWN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 29, 2014. The order, insofar as appealed from, granted that part of the motion of plaintiffs seeking partial summary judgment on the issue of liability on their civil battery cause of action.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiffs, individually and on behalf of their child, commenced this action for, among other things, civil battery, seeking damages for injuries sustained when defendant allegedly intentionally touched their child in an offensive manner. In an earlier criminal action, defendant acknowledged that he had touched the child's buttocks and pleaded guilty to endangering the welfare of a child (Penal Law § 260.10 [1]). Plaintiffs moved for partial summary judgment on liability, alleging with respect to the cause of action for civil battery that, because defendant had pleaded guilty to "sexually abusing" the child in the earlier criminal proceeding, there was no question of fact to be determined with respect to defendant's liability for civil battery. We agree with defendant that Supreme Court erred in granting the motion to that extent, and that the motion should have been denied in its entirety.

We agree with defendant that the identity of issues required for the application of collateral estoppel is lacking. "A criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of issues and a full and fair opportunity to litigate in the [criminal] action" (*Hooks v*

*Middlebrooks*, 99 AD2d 663, 663; *see Buechel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US 1096). "To recover damages for battery founded on bodily contact, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent" (*Roe v Barad*, 230 AD2d 839, 840, *lv dismissed* 89 NY2d 938). Here, we conclude that bodily contact is the only element of civil battery established by defendant's plea in the criminal action and, thus, plaintiffs failed to establish the requisite "identity of issues" between the crime of endangering the welfare of a child and civil battery (*see Hooks*, 99 AD2d at 663; *see generally Roe*, 230 AD2d at 840).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court