Potter v Zucker Hillside Hosp. (2019 NY Slip Op 07304)





Potter v Zucker Hillside Hosp.


2019 NY Slip Op 07304


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-04613
2017-00207
 (Index No. 22548/11)

[*1]Olivia Potter, etc., appellant, 
v
Zucker Hillside Hospital, et al., respondents.


Irwin & Poznanski, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Bartlett LLP, Mineola, NY (Robert G. Vizza of counsel), for respondents.
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated January 6, 2016, and (2) a judgment of the same court entered April 26, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.



DECISION & ORDER
Cross motion by the defendants to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment in the action. By decision and order on motion of this Court dated January 31, 2017, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the cross motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On October 5, 2011, the plaintiff, as guardian ad litem for Rodney Carter, commenced [*2]this action against the defendants, stemming from an incident that occurred on April 28, 2009, while Carter was an in-patient at the defendant Zucker Hillside Hospital. At his deposition in 2014, Carter, who was born in 1944 and diagnosed with paranoid schizophrenia in 1970, testified that he had been living in various halfway houses, substance abuse wards, and supervised adult homes for the last 12 years. Carter further testified that on the evening of April 28, 2009, he was pacing inside his room when he observed a male employee, who was sitting outside his room, putting gloves on. When Carter asked the employee why he was putting gloves on, the employee allegedly responded: "I'm coming to beat you up." According to Carter, the employee then entered Carter's room and began "beating" him, causing Carter to become unconscious. Other staff members eventually intervened, at which point Carter was brought to the emergency room. As a result of the incident, Carter allegedly sustained injuries to his left eye, requiring surgery, and suffered loss of vision in that eye.
In the complaint, the plaintiff alleged, inter alia, that Carter was "caused to be physically taken down, restrained, and controlled . . . in a careless and negligent manner, thereby causing him to sustain severe injuries and damages." The plaintiff sought to hold the defendants liable under a theory of respondeat superior. The defendants subsequently moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint, asserting that the causes of action sounded in intentional tort, rather than negligence or malpractice, and were barred by the one-year statute of limitations under CPLR 215(3). In an order dated January 6, 2016, the Supreme Court granted the motion. On April 26, 2016, a judgment was entered upon the order in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 617; see Western Elec. Co. v Brenner, 41 NY2d 291, 293; Tong v Target, Inc., 83 AD3d 1046, 1046). Here, the defendants established, prima facie, that the one-year statute of limitations for intentional torts applied to the plaintiff's causes of action against them, and that this action was untimely commenced approximately 2½ years after the alleged incident. Contrary to the plaintiff's contention, Carter's deposition testimony established that the injuries sustained by him stemmed from an alleged intentional assault and battery. The plaintiff could not avoid the running of the limitations period merely by characterizing the incident as a "negligent takedown." Further, New York does not recognize a cause of action to recover damages for negligent assault (see Johnson v City of New York, 148 AD3d 1126, 1127; McDonald v Riccuiti, 126 AD3d 954, 955; Wrase v Bosco, 271 AD2d 440, 441).
In opposition, the plaintiff failed to raise a question of fact. The fact that Carter had a lengthy psychiatric history, including a diagnosis of chronic schizophrenia rendered 1½ years after the incident, does not result, by itself, in the applicability of the toll of the statute of limitations for insanity provided in CPLR 208. Rather, the toll for insanity extends "only [to] those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548). The deposition testimony of both Carter and the plaintiff demonstrated that Carter's condition is not so severe as to meet that standard, as he is able to live in situations where he can "come and go as [he] please[s]" and is able to do "[p]retty much most things any normal person could do." 
Accordingly, we affirm the judgment.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court