Kessel v Adams (2020 NY Slip Op 01758)





Kessel v Adams


2020 NY Slip Op 01758


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


193 CA 19-01599

[*1]AMY KESSEL, PLAINTIFF-RESPONDENT,
v
APRIL ADAMS, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NASH CONNORS, P.C., BUFFALO, GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH G. ADYMY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 14, 2019. The order, insofar as appealed from, denied the motion of defendant April Adams for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant April Adams is granted and the complaint against her is dismissed.
Memorandum: Plaintiff, a school teacher, commenced this action seeking damages for injuries she sustained to her shoulder and back when defendants, two of her students, began fighting one another and plaintiff, who was standing between them, was propelled into a locker. Plaintiff asserted a sole cause of action, for negligence. April Adams (defendant) moved for summary judgment dismissing the complaint against her on the ground that plaintiff's action was time-barred. Defendant appeals from an order insofar as it denied her motion.
We agree with defendant that Supreme Court erred in denying the motion. Defendant met her initial burden by establishing that plaintiff was injured as a result of intentional conduct that constituted a battery and not negligent conduct (see Cagliostro v Madison Sq. Garden, Inc., 73 AD3d 534, 534-535 [1st Dept 2010]; see also Borrerro v Haks Group, Inc., 165 AD3d 1216, 1218 [2d Dept 2018]). "A valid claim for battery exists where a person intentionally touches another without that person's consent" (Wende C. v United Methodist Church, N.Y. W. Area, 4 NY3d 293, 298 [2005], cert denied 546 US 818 [2005]; see Relf v City of Troy, 169 AD3d 1223, 1226 [3d Dept 2019]; Robert M.D. v Sterling, 129 AD3d 1489, 1490 [4th Dept 2015]). " The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive'; there is no requirement that the contact be intended to cause harm' " (Relf, 169 AD3d at 1226). The deposition testimony of plaintiff and defendants submitted in support of the motion established that defendants intentionally caused offensive bodily contact with each other by engaging in a physical fight (see Eisch v Sandy Cr. Cent. Sch. Dist., 141 AD3d 1091, 1092 [4th Dept 2016]; Council v Utica First Ins. Co., 77 AD3d 1433, 1434 [4th Dept 2010], lv denied 16 NY3d 702 [2011]). Although defendants did not intend to make physical contact with or to injure plaintiff, the contact that resulted in plaintiff's injuries was nevertheless intentional under the doctrine of "transferred intent" (Rubino v Ramos, 226 AD2d 912, 913 [3d Dept 1996]; see Jones v State of New York, 96 AD2d 105, 110-111 [4th Dept 1983], lv denied 62 NY2d 605 [1984]; see also Borrerro, 165 AD3d at 1218; Parler v North Sea Ins. Co., 129 AD3d 926, 928 [2d Dept 2015]).
Defendant thus established that this action is barred by the one-year statute of limitations applicable to intentional torts (see CPLR 215 [3]; McDonald v Riccuiti, 126 AD3d 954, 954-955 [*2][2d Dept 2015]; see also Tong v Target, Inc., 83 AD3d 1046, 1046 [2d Dept 2011], lv denied 17 NY3d 712 [2011]). In opposition to the motion, plaintiff failed to raise a triable issue of fact. Plaintiff "could not avoid the running of the limitations period merely by attempting to couch the [complaint] as sounding in negligence" (McDonald, 126 AD3d at 955).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court