Estate of Tammy Colleen Feenin v Bombace Wine & Spirits, Inc. (2020 NY Slip Op 06755)





Estate of Tammy Colleen Feenin v Bombace Wine & Spirits, Inc.


2020 NY Slip Op 06755


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-13898
 (Index No. 716753/17)

[*1]Estate of Tammy Colleen Feenin, etc., et al., appellants,
v
Bombace Wine & Spirits, Inc., etc., et al., respondents, et al., defendants.


The Mead Law Firm, P.C., Astoria, NY (Wesley Mead appellant pro se of counsel), for appellants.
Harris Beach PLLC, New York, NY (Peri A. Berger and Alexander M. Anolik of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 9, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Bombace Wine & Spirits, Inc., its employees, agents, and servants, and Donald A. Bombace which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action and denied that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 3, 2016, Tammy Colleen Feenin, also known as Tammy Colleen Germonto, died (hereinafter the decedent). Thereafter, Wesley Mead, the decedent's son, as executor of the decedent's estate, individually, and as guardian of his three children, commenced this action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, also known as the Dram Shop Act, based on allegations that the plaintiffs had been injured as the result of the illegal sale of alcohol by the defendants, including Bombace Wine & Spirits, Inc., its employees, agents, and servants, and Donald A. Bombace (hereinafter together the Bombace defendants). The amended complaint alleged that the decedent died on December 3, 2016, from extreme alcohol intoxication. The plaintiffs alleged that on several different dates between April 12, 2016, and November 28, 2016, the Bombace defendants, while they were aware or should have been aware that the decedent was in an intoxicated state and/or was a habitual drunkard, and that selling alcohol to her would cause her physical harm, sold alcohol to the decedent, contributing to her intoxication, and resulting in her death. The plaintiffs asserted eight causes of action, seeking to recover damages for: (1) violation of the Dram Shop Act, (2) common-law negligence, (3) violation of General Business Law § 349(a), (4) negligent hiring/supervision, (5) negligent infliction of emotional distress, (6) intentional infliction of emotional distress, (7) negligence per se, and (8) wrongful death.
The Bombace defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The plaintiffs [*2]filed an amended verified complaint as of right while the motion was pending, and opposed the motion. Alternatively, the plaintiffs cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to serve and file an amended complaint in the event the court determined that the amended complaint was not properly filed as of right. In reply, the Bombace defendants argued, inter alia, that the amended complaint made only cosmetic changes that failed to address the fundamental deficiencies in the original complaint.
In an order entered October 18, 2018, the Supreme Court, inter alia, granted that branch of the Bombace defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them and denied that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025(b) for leave to file an amended complaint. The plaintiffs appeal.
As a threshold matter, we note that the plaintiffs properly amended their complaint as of right. The Bombace defendants' service of a motion, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them extended their time to answer (see CPLR 3211[f]), and therefore extended the time in which the plaintiffs could amend their complaint as of right (see CPLR 3025[a]; STS Mgt. Dev. v New York State Dept. of Taxation & Fin., 254 AD2d 409, 410). However, since the Bombace defendants, in effect, elected to apply their request for dismissal to the amended complaint, which superseded the original complaint, we consider their motion as directed against the amended complaint (see Sobel v Ansanelli, 98 AD3d 1020, 1022).
The Dram Shop Act "creates a cause of action in favor of a third party injured or killed by an intoxicated person, but it does not create a cause of action in favor of the intoxicated person" (Wellcome v Student Coop. of Stony Brook, 125 AD2d 393, 394; see Reuter v Flobo Enters., Ltd., 120 AD2d 722, 723) or his or her estate (see Rutledge v Rockwells of Bedford, 200 AD2d 36, 41; Marisco v Southland Corp., 148 AD2d 503, 505). Thus, the first cause of action to recover damages under the Dram Shop Act fails to state a cause of action insofar as it is asserted on behalf of the decedent's estate, notwithstanding the addition in the amended complaint of the allegation that the decedent's intoxication at the time of the alleged illegal alcohol sale was "involuntary" (see generally People v Williams, 186 AD2d 770, 770; People v Tocco, 138 Misc 2d 510, 516 [Sup Ct, Bronx County]). Further, because the decedent, were she alive, would not possess a viable cause of action against the Bombace defendants to recover damages for injuries sustained as a result of her own intoxication, her estate possesses no viable cause of action to recover damages for wrongful death (see EPTL 5-4.1; Lyons v Tiedemann, 135 AD2d 509, 510-511).
Mead and his children, in their individual capacities, may assert a cause of action under the Dram Shop Act to recover damages for alleged injury to their "means of support" based upon an allegation that the decedent contributed to their support (see Coughlin v Barker Ave. Assoc., 202 AD2d 622, 623; Lyons v Tiedemann, 135 AD2d at 510-511; Reuter v Flobo Enters., 120 AD2d at 723-724). However, they failed to do so here, as there are no factual allegations reasonably connecting the Bombace defendants' alleged illegal sale of alcohol to the decedent for off-premises use on several occasions over a seven-month period from between April 12, 2016, and November 28, 2016, to her death on December 3, 2016, and to the individual plaintiffs' resultant damages (see generally McNeill v Rugby Joe's, 298 AD2d 369, 370). For the same reason, we agree with the Supreme Court's determination to grant those branches of the Bombace defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and sixth causes of action, which sought to recover damages for violation of General Business Law § 349(a) and negligent infliction of emotional distress, respectively, insofar as asserted against them (see generally Stutman v Chemical Bank, 95 NY2d 24, 29; Howell v New York Post Co., 81 NY2d 115, 121), as well as the common-law causes of action insofar as asserted against them.
Dismissal of the common-law causes of action was properly directed for the additional reason that "[a]t common law, one who provided intoxicating liquor was not liable for injuries caused by the drinker, who was held solely responsible" (D'Amico v Christie, 71 NY2d 76, 83; see Portaro v Gerber, 217 AD2d 539, 541; see generally People v Williams, 186 AD2d at 770; People v Tocco, 138 Misc 2d at 516).
We agree with the Supreme Court's determination to deny that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint, since, as previously set forth herein, the plaintiffs properly amended their complaint as of right pursuant to CPLR 3025(a). Under such circumstances, their request for leave to amend their complaint was properly denied as unnecessary (see Terrano v Fine, 17 AD3d 449, 449).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court