Rosas v Petkovich (2023 NY Slip Op 03937)

Rosas v Petkovich

2023 NY Slip Op 03937

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-03427
2021-08577
 (Index No. 53115/20)

[*1]Brianna O. Rosas, appellant, 
v
James F. Petkovich, respondent.

Keith S. Rinaldi, P.C. (Treybich Law, P.C., Poughkeepsie, NY [Michael Treybich], of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie, NY (Kimberly Hunt Lee of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated April 12, 2021, and (2) an order of the same court dated October 8, 2021. The order dated April 12, 2021, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated October 8, 2021, insofar as appealed from, denied, as academic, the plaintiff's motion to deem the affidavits of service of the summons and complaint and the amended complaint timely filed nunc pro tunc.
ORDERED that the order dated April 12, 2021, is affirmed; and it is further,
ORDERED that the order dated October 8, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In October 2020, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of an incident that occurred between her and the defendant in October 2018. The complaint alleged that the defendant fled from their home with the plaintiff's medication and "negligently and recklessly assaulted, battered, and injured" the plaintiff while she was lawfully attempting to recover the medication. The defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint, arguing that the allegations arose out of an intentional act and were barred by the one-year statute of limitations (see id. § 215[3]). In opposition, the plaintiff submitted, among other things, an amended complaint, in which she alleged that the defendant negligently and recklessly caused her injuries by "blindly clos[ing] the door" on her, and her affidavit, in which she averred that as she approached the door, the defendant "quickly slammed it behind him and directly in front of [her]." In an order dated April 12, 2021, the Supreme Court granted the defendant's motion, determining that the amended complaint was submitted without leave of court after the time to do so had expired.
Thereafter, the plaintiff moved to deem the affidavits of service of the summons and [*2]complaint and the amended complaint timely filed nunc pro tunc. In an order dated October 8, 2021, the Supreme Court, inter alia, denied the plaintiff's motion as academic. The plaintiff appeals from both orders.
The Supreme Court erred in determining that the plaintiff required leave of court to amend the complaint. CPLR 3025(a) provides that "[a] party may amend his [or her] pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." Pursuant to CPLR 3211(f), service by the defendant of the pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint extended the defendant's time to answer the complaint until 10 days after service of notice of entry of the order determining the motion, and therefore extended the time in which the plaintiff could amend the complaint as of right (see id. § 3025[a]; Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003; Re-Poly Mfg. Corp. v Dragonides, 109 AD3d 532, 534-535). Since the plaintiff was entitled to amend the complaint as of right at the time that she opposed the defendant's motion to dismiss, the original complaint was thus superseded by the amended complaint and no longer viable (see Mees v Buiter, 186 AD3d 1670, 1672; Re-Poly Mfg. Corp. v Dragonides, 109 AD3d at 535).
However, under the circumstances, where, as here, the record on appeal permits consideration of a purely legal issue that has been fully briefed by the parties, in the interest of judicial economy, this Court may exercise its discretion to institute the amended complaint as the operative pleading and consider the defendant's motion as directed against the amended complaint (see Singe v Bates Troy, Inc., 206 AD3d 1528, 1530; Bankers Conseco Life Ins. Co. v Egan-Jones Ratings Co., 193 AD3d 539).
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept as true the facts as alleged in the complaint, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Davydov v Youssefi, 205 AD3d 879, 880). "[W]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Dutra v Sunday Riley Modern Skincare, LLC, 210 AD3d 640, 641-642 [internal quotation marks omitted]; see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856).
"In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (McDonald v Riccuiti, 126 AD3d 954, 954; see Potter v Zucker Hillside Hosp., 176 AD3d 884, 885). Allegations of intentional conduct cannot form the basis of a negligence cause of action (see McDonald v Riccuiti, 126 AD3d at 954; Santana v Leith, 117 AD3d 711, 712). Thus, where a complaint alleges an injury as the result of intentional acts of the defendant, it does not allege negligence, even if it alleges that the defendant acted negligently (see Chiesa v McGregor, 209 AD3d 963, 965; Borrerro v Haks Group, Inc., 165 AD3d 1216, 1218; Potter v Zucker Hillside Hosp., 176 AD3d at 885). "Once intentional offensive contact has been established, the actor is liable for battery, not negligence" (Ciminello v Sullivan, 65 AD3d 1002, 1003; see Borrerro v Haks Group, Inc., 165 AD3d at 1218).
Here, the only inference that may be drawn from the evidence and the plaintiff's allegations is that her alleged injuries resulted solely from the defendant's intentional act of closing the door on her (see Chiesa v McGregor, 209 AD3d at 965). Even if the defendant lacked any intent to make physical contact with, or otherwise injure, the plaintiff, the conduct attributed to the defendant constituted intentional, rather than negligent, conduct (see id.; Borrerro v Haks Group, Inc., 165 AD3d at 1218). Under these circumstances, the plaintiff cannot avoid the running of the statute of limitations by couching her cause of action as sounding in negligence (see Trayvilla v [*3]Japan Airlines, 178 AD3d 746, 747; McDonald v Riccuiti, 126 AD3d at 955). Accordingly, the defendant's motion pursuant to CPLR 3211(a) to dismiss was properly granted.
In light of our determination, the Supreme Court also properly denied, as academic, the plaintiff's motion to deem the affidavits of service of the summons and complaint and the amended complaint timely filed nunc pro tunc.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court