Peralta-Mera v Streep (2025 NY Slip Op 06877)

Peralta-Mera v Streep

2025 NY Slip Op 06877

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-01607
 (Index No. 609467/22)

[*1]David Sebastian Peralta-Mera, appellant,
vCharles Harrison Streep, respondent.

Law Offices of Edmond C. Chakmakian, P.C., Hauppauge, NY, for appellant.
Pillinger Miller Tarallo, LLP, Elmford, NY (Richard J. Freire and Mitchell S. Cohen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 4, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On August 24, 2020, the plaintiff allegedly was injured during a physical altercation with the defendant when the defendant picked up the plaintiff and dropped or threw him to the ground. In May 2022, the plaintiff commenced this action to recover damages for personal injuries, asserting a sole cause of action sounding in negligence. Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated January 4, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). "'Further, where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (D'Adamo v Cohen, 232 AD3d 848, 849, quoting May Dock Lane, LLC v Harras Bloom & Archer, LLP, 222 AD3d 635, 636-637).
"New York does not recognize a cause of action alleging negligent assault or battery" (Pleva v County of Suffolk, 222 AD3d 795, 796; see Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217). "'Once intentional offensive contact has been established, the actor is liable for battery, not negligence'" (Rosas v Petkovich, 218 AD3d 814, 817, quoting Ciminello v Sullivan, 65 AD3d 1002, 1003). Thus, a plaintiff may not sustain a cause of action sounding in negligence "'if the only [*2]inference that may be drawn . . . is that defendant's contact with plaintiff was intentional'" (Pleva v County of Suffolk, 222 AD3d at 796, quoting Borrerro v Haks Group, Inc., 165 AD3d at 1218).
Here, the only inference that may be drawn from the evidence is that the plaintiff's alleged injuries resulted solely from the defendant's intentional acts during a fight (see Pleva v County of Suffolk, 222 AD3d at 796; Rosas v Petkovich, 218 AD3d at 817). Thus, the defendant's evidentiary submissions conclusively demonstrated that a material fact as claimed by the plaintiff—that his injuries were caused by the defendant's negligence—was not a fact at all and that no significant dispute exists regarding that allegation. Moreover, the mere fact that the complaint generally alleged that the defendant acted "negligently" is inconsequential, since where, as here, the essence of the cause of action is an intentional assault or battery, "'the plaintiff[ ] cannot exalt form over substance by labeling the action as one to recover damages for negligence'" (Borrerro v Haks Group, Inc., 165 AD3d at 1218, quoting Schetzen v Robotsis, 273 AD2d 220, 220-221).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court