Karp v Madison Realty Capital, L.P.
2026 NY Slip Op 02637
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Eli Karp, et al., appellants,
v
Madison Realty Capital, L.P., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2021-08779, (Index No. 513756/21)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
James P. McCormack
Susan Quirk, JJ.

Victor A. Worms, New York, NY, for appellants.
Kriss & Feuerstein LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Greg A. Friedman of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for fraud, breach of contract, and breach of the covenant of good faith and fair dealing, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 15, 2021. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiffs commenced this action to recover damages for fraud, breach of contract, and breach of the covenant of good faith and fair dealing, alleging that the defendants are predatory lenders that engaged in a "loan to own" scheme to improperly seize ownership of certain real property the plaintiffs were developing. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, based on, among other things, a waiver and release clause contained in a forbearance agreement, which followed the failure of the borrower, the plaintiff Hello Nostrand, LLC (hereinafter Hello Nostrand), to pay the monthly installment due. In response, the plaintiffs, inter alia, filed an amended summons and complaint and opposed the defendants' motion. In an order dated November 15, 2021, the Supreme Court, upon declining to consider the amended complaint, among other things, granted the defendants' motion, determining that the waiver and release clause barred the causes of action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing and that the plaintiffs failed to adequately plead a cause of action to recover damages for fraud. The plaintiffs appeal.
The plaintiffs correctly contend that the Supreme Court erred in determining that the plaintiffs required leave of court to amend the complaint. "Pursuant to CPLR 3211(f), service by the defendant[s] of the pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint extended the [defendants'] time to answer the complaint until 10 days after service of notice of entry of the order determining the motion, and therefore extended the time in which the [plaintiffs] could amend the complaint as of right" (Rosas v Petkovich, 218 AD3d 814, 816; see CPLR 3025[a]; Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003). Although the original complaint was no longer viable (see Rosas v Petkovich, 218 AD3d at 815-816), the defendants, in effect, elected in their reply to apply their motion to the amended complaint. Accordingly, the court should [*2]have considered the defendants' motion to be directed against the amended complaint (see Ofman v Tenenbaum Berger & Shivers, LLP, 217 AD3d 960, 961; Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d at 1003).
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 834 [internal quotation marks omitted], quoting Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033 [internal quotation marks omitted]). "In addition, a release may be set aside on the ground that it was not fairly and knowingly made" (id. [internal quotation marks omitted]; see Farber v Breslin, 47 AD3d 873). "This basis for setting aside a release may be applied in situations falling far short of actual fraud such as when, because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of an injured party" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034 [internal quotation marks omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 835 [internal quotation marks omitted]).
"In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, and all inferences that reasonably flow therefrom are to be resolved in his or her favor" (Schneier v Clermont York Assoc., LLC, 240 AD3d 922, 923 [alteration and internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, inter alia, a copy of the forbearance agreement signed by the plaintiff Eli Karp, which contained a waiver and release clause (hereinafter the release). The plaintiffs' allegations were sufficient, however, to raise a question of fact as to whether the release was obtained under circumstances that indicate unfairness and whether the release was not fairly or knowingly given (see Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 835-836; Farber v Breslin, 47 AD3d at 877). Specifically, the plaintiffs alleged that as part of the "loan to own" scheme, the defendants created economic pressure in order to place the plaintiffs in a position where they had to enter into the forbearance agreement to avoid foreclosure and that the plaintiffs' attorney participated in this scheme by providing the plaintiffs with only signature pages of the closing documents and failing to discuss or explain the release. Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925 [internal quotation marks omitted]). "Where the gravamen of the alleged fraud does not arise from the mere failure of a promisor to perform his or her obligations under a contract, but arises from a promisor's successful attempts to induce a promisee to enter into a contractual relationship despite the fact that the promisor harbored an undisclosed intention not to perform under the contract, a proper cause of action sounding in fraud may be stated" (id.). "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]).
Here, the plaintiffs set forth in the amended complaint detailed allegations that the defendants Madison Capital, Joshua B. Zegen, and Mark Gormley made false representations that they would provide funding with the intent of delaying funding to cause Hello Nostrand to default and that those defendants further made false representations to cause the plaintiffs to forego opportunities to refinance with the ultimate purpose of foreclosing upon the property. These allegations were sufficient to state a cause of action to recover damages for fraud (see Neckles Bldrs., [*3]Inc. v Turner, 117 AD3d at 926). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for fraud.
The defendants' remaining contentions are without merit.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court