Rutigliano v Tri City Constr. Corp.
2026 NY Slip Op 03993
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Rutigliano, appellant,
v
Tri City Construction Corp., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-12524, (Index No. 726236/23)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (Andrew K. Rafalaf of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for conversion and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered September 23, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Tri City Construction Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In December 2023, the plaintiff commenced this action against the defendants, Tri City Construction Corp. (hereinafter Tri City) and its alleged officer Andrea Gigliotti, asserting causes of action to recover damages for conversion and unjust enrichment. The plaintiff alleged that he hired Tri City to perform repair work at premises he owned that had been damaged by a fire. The plaintiff further alleged that unbeknownst to him and without his consent, the plaintiff's insurance company issued a two-party check in the amount of $101,414.41, dated April 26, 2023, which was payable to both the plaintiff and Tri City. The plaintiff alleged that Tri City deposited the check without his permission and has refused his demands to return the proceeds of the check.
The defendants thereafter moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint based, in part, upon an "ADVANCE WORK AUTHORIZATION & DIRECTION TO PAY" form on Tri City letterhead, bearing what appears to be the plaintiff's signature, which states that "[i]f insurance company issues a two party check for services performed by TRI CITY, customer authorizes TRI CITY to endorse check in their behalf for deposit into TRI CITY account." The plaintiff subsequently filed an amended complaint that asserted an additional cause of action to recover damages for breach of contract, alleging that Tri City breached its agreement with the plaintiff by negotiating and retaining the check, although the plaintiff paid "the agreed upon $225,000 to Tri-City" for its work. The Supreme Court granted the defendants' motion. The plaintiff appeals.
As a threshold matter, we note that because the plaintiff properly filed an amended complaint as of right in response to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and in their reply, the defendants elected to apply their request for dismissal to the amended complaint, which superseded the original complaint, we consider the defendants' motion as directed against the amended complaint (see Ofman v Tenenbaum Berger & Shivers, LLP, 217 AD3d 960, 961; Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003).
The gravamen of the amended complaint is that Tri City was overpaid for the contract price of its work when it retained the proceeds of the $101,414.41 check. The authorization to deposit the check in the first instance does not provide a defense to improperly retaining the proceeds of the check. Accordingly, that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against Tri City should have been denied. However, that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against Gigliotti was properly granted, since the alleged wrong in issue is that the corporation retained the proceeds of the check, not that the corporation and its officer converted the check by depositing it in the corporate account, and the plaintiff failed to adequately plead a cause of action based upon piercing the corporate veil (see Murphy v Jewell, 228 AD3d 676, 677-678; Matter of DePetris v Traina, 211 AD3d 939, 941).
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court